STATE of Wisconsin, Plaintiff-Respondent,†

v.

James A. TORPEN, Defendant-Appellant.

Court of Appeals

*No. 01–0182–CR. Submitted on briefs September 17, 2001.—*
*Decided October 16, 2001.*

2001 WI App 273

(Also reported in 637 N.W.2d 481.)

† Petition to review denied 12-17-01.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *William E. Schmaal*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Mary E. Burke*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. James Torpen appeals from a judgment of conviction for robbery and fleeing an officer, contrary to Wis. Stat. §§ 943.32(1) and 346.04(3), and an

953

order denying his motion for postconviction relief.[1] Torpen argues that the circuit court erred when it ordered, as a condition of probation, that he pay outstanding restitution obligations from prior, unrelated criminal cases. We conclude that the circuit court erred as a matter of law, and thus erroneously exercised its discretion, by setting forth as a condition of probation the payment of outstanding restitution obligations from unrelated cases.[2] Therefore, we reverse and remand with directions that the circuit court enter an amended judgment of conviction consistent with this opinion.

## BACKGROUND

¶ 2. On November 4, 1999, Torpen robbed a gas station and was involved in a high-speed chase with police. He was charged with robbery and fleeing an officer. The State also alleged that Torpen was a habitual criminal under WIS. STAT. § 939.62 because he had been convicted of a felony, i.e., forgery, contrary to WIS. STAT. § 943.38(2), in Eau Claire County on November 1, 1999.

¶ 3. At the time of the robbery, Torpen was awaiting sentencing for the forgery. On December 20, the Eau Claire County Circuit Court withheld sentence, placed Torpen on probation for four years and ordered $8,000 restitution as a condition of probation.

¶ 4. On February 21, 2000, Torpen pled guilty in this case to robbery and fleeing an officer, both as a

---

[1] All statutory references are to 1999–2000 version unless otherwise noted.

[2] Because we conclude that the court lacked statutory authority to impose the disputed condition of probation, we do not address Torpen's argument that the condition was also invalid on double jeopardy grounds.

habitual criminal.[3] The circuit court accepted Torpen's pleas and found him guilty. The court sentenced Torpen to six years in prison for robbery and ordered that the sentence be served concurrently with his four-year probation sentence from Eau Claire County. The court withheld sentence on the fleeing an officer charge and placed Torpen on eight years' probation, consecutive to the prison term.

¶ 5. The court, on its own initiative, also stated: "I'm going to order restitution be paid in all of your other cases and I believe the new . . . case law[4] allows me to order that a condition of this probation is that you pay restitution in your [forgery] and your worthless check cases."[5]

---

[3] Pursuant to a plea agreement, an additional charge of bail jumping was dismissed.

[4] It is undisputed that the new case law to which the court was referring was *State v. Oakley*, 226 Wis. 2d 437, 594 N.W.2d 827 (Ct. App. 1999), which held that a circuit court could order a defendant, as a condition of probation, to pay an outstanding fine from an unrelated conviction for disorderly conduct. *See id.* at 439. Six days after Torpen was sentenced, however, the Wisconsin Supreme Court overruled *Oakley*. The court held that a circuit court could not order the payment of an old, unpaid fine as a condition of probation where the defendant would be exposed to more than the six months in jail that the defendant would otherwise face for failing to pay the fine, under Wis. Stat. § 973.07. *See State v. Oakley*, 2000 WI 37, ¶ 3, 234 Wis. 2d 528, 609 N.W.2d 786.

[5] Torpen did not object to this condition of probation at the sentencing hearing. On appeal, the State argues that Torpen therefore waived his objection. Even if Torpen arguably waived his objection, we will address the issue on its merits. *See Wirth v. Ehly*, 93 Wis. 2d 433, 443–44, 287 N.W.2d 140 (1980) (waiver is a rule of judicial administration, not jurisdiction, and we have the discretion to make exceptions).

¶ 6. Consistent with this order, the judgment of conviction indicates that Torpen must pay the outstanding restitution obligations from the 1999 Eau Claire County forgery case and a 1998 Barron County misdemeanor case for issuing a worthless check. Torpen filed a motion for postconviction relief seeking to vacate the probation condition that Torpen pay restitution in the two unrelated cases.[6] The circuit court denied the motion, and this appeal followed.

### LEGAL STANDARDS

¶ 7. The fashioning of a criminal disposition is not an exercise of broad, inherent court powers. *Grobarchik v. State*, 102 Wis. 2d 461, 467, 307 N.W.2d 170 (1981). Thus, if the authority to impose a particular criminal disposition exists, it must derive from the statutes. *Id.*

¶ 8. WISCONSIN STAT. § 973.09(1)(a) grants a circuit court broad discretion in imposing conditions of probation. The circuit court may impose, according to § 973.09(1)(a), "any conditions which appear to be reasonable and appropriate." As is true with all discretionary determinations, however, if the decision is based on an erroneous view of the law it may not stand. *See State v. Leist*, 141 Wis. 2d 34, 39, 414 N.W.2d 45 (Ct. App. 1987). Whether the condition of probation requiring Torpen to pay outstanding restitution obligations from two unrelated criminal cases is contrary to law presents a question of law that we review de novo. *See State ex rel. Kaminski v. Schwarz*, 2001 WI 94, ¶ 22, 245 Wis. 2d 310, 630 N.W.2d 164.

---

[6] Torpen also sought presentence credit, which was ultimately granted and is not at issue on this appeal.

## DISCUSSION

¶ 9. The State argues that WIS. STAT. § 973.09(1)(a) empowers the circuit court to order, as a condition of probation, the payment of outstanding restitution obligations from unrelated cases. The State further contends that such an order was reasonable and appropriate here, where Torpen acknowledged that an underlying gambling addiction linked all of his offenses.

¶ 10. Torpen does not address whether the circuit court's order was reasonable based on the facts of his case, arguing that even if the court's rationale reflects a "reasonable and appropriate" application of the general goals of probation, the order is not authorized by Wisconsin law. Torpen contends that the court lacked statutory authority to order the payment of outstanding restitution obligations from unrelated cases, for three reasons: (1) the "bootstrapping" of restitution obligations in unrelated cases is inconsistent with the general policy against using the criminal justice system as a debt collection agency; (2) the legislature did not contemplate or intend that a misdemeanant's unexcused failure to pay restitution could trigger a lengthy prison sentence;[7] and (3) the "bootstrapping" of restitution obligations conflicts with the express statutory remedies concerning restitution prescribed in WIS. STAT. §§ 973.09(3) and 973.20(1r).

¶ 11. We conclude that Torpen's third argument is dispositive. Restitution and other conditions of proba-

---

[7] This argument refers to the fact that if Torpen fails to satisfy the condition of probation that he pay the outstanding restitution obligation from his 1998 misdemeanor case, he faces a maximum sentence of eight years in prison for the charge of fleeing an officer as a habitual criminal.

tion are controlled by WIS. STAT. ch. 973. When multiple statutes are contained in the same chapter and assist in implementing the chapter's goals and policy, the statutes should be read together and harmonized if possible. *See State v. Amato*, 126 Wis. 2d 212, 216, 376 N.W.2d 75 (Ct. App. 1985). The interaction of WIS. STAT. §§ 973.09 and 973.20 leads us to conclude that the circuit court lacked statutory authority to order, as a condition of probation, the payment of Torpen's outstanding restitution obligations from the unrelated cases.

¶ 12. In addition to providing that a circuit court may impose reasonable and appropriate conditions of probation, WIS. STAT. § 973.09 also addresses restitution. WISCONSIN STAT. § 973.09(1)(b) states that the court "shall order the person to pay restitution under s. 973.20, unless the court finds there is substantial reason not to order restitution as a condition of probation." The statute provides a procedure for extending the period of probation or converting a restitution obligation to a civil judgment if the defendant fails to pay restitution. *See* WIS. STAT. § 973.09(3).

¶ 13. The restitution statute, WIS. STAT. § 973.20, specifies how and when a circuit court may order restitution as a condition of probation, extended supervision or parole. It provides in relevant part:

(1g) In this section:

*(a) "Crime considered at sentencing" means any crime for which the defendant was convicted and any read-in crime.*

(b) "Read-in crime" means any crime that is uncharged or that is dismissed as part of a plea agreement, that the defendant agrees to be considered by the court at the time of sentencing and that the court

considers at the time of sentencing the defendant for the crime for which the defendant was convicted.

(**1r**) When imposing sentence or ordering probation for any crime for which the defendant was convicted, the court, in addition to any other penalty authorized by law, shall order the defendant to make full or partial restitution under this section to any victim of a *crime considered at sentencing* . . . unless the court finds substantial reason not to do so and states the reason on the record. *Restitution ordered under this section is a condition of probation, extended supervision or parole* served by the defendant for a crime for which the defendant was convicted. After the termination of probation, extended supervision or parole, or if the defendant is not placed on probation, extended supervision or parole, restitution ordered under this section is enforceable in the same manner as a judgment in a civil action by the victim named in the order to receive restitution or enforced under ch. 785. (Emphasis added.)

¶ 14. Pursuant to Wis. Stat. § 973.20, a circuit court may order the payment of restitution to victims of crimes for which the defendant is being sentenced, as well as to victims of any crimes that are read in for sentencing purposes. *See State v. Szarkowitz*, 157 Wis. 2d 740, 744, 460 N.W.2d 819 (Ct. App. 1990). *Szarkowitz* recognized, however, that restitution was limited to those two classes of victims. *See id.* at 756 (reversing award of restitution to victim who had no relationship to the crime of conviction or to the crimes read in at sentencing). Thus, it is improper to order restitution to a party with no relationship to the crime of conviction or the read-in crimes. *See State v. Mattes*, 175 Wis. 2d 572, 581, 499 N.W.2d 711 (Ct. App. 1993). Based on *Szarkowitz* and *Mattes*, the circuit court had no authority to order restitution to Torpen's previous victims

959

because those crimes were not before the court at the time of sentencing.

¶ 15. The State argues, however, that the court was not ordering restitution pursuant to Wis. Stat. § 973.20, but instead was ordering the payment of outstanding restitution obligations as a general condition of probation pursuant to Wis. Stat. § 973.09(1)(a). We reject the State's attempt to distinguish the basis of restitution ordered.

¶ 16. First, the probation statute expressly requires the circuit court to order restitution using the procedure outlined in Wis. Stat. § 973.20. *See* Wis. Stat. § 973.09(1)(b). Second, restitution ordered pursuant to § 973.20 is a condition of probation, extended supervision or parole. *See* Wis. Stat. § 973.20(1r). Finally, we reject the proposition that § 973.09(1)(a) allows a court to order what is not permitted by § 973.20.

¶ 17. In *Amato*, this court rejected a similar argument, concluding that the circuit court could not order as a condition of probation the payment of special prosecutor's fees not allowed under the costs statute, Wis. Stat. § 973.06 (1983–84). *See Amato,* 126 Wis. 2d at 214. We explained:

> The state's argument . . . does not harmonize the two statutes. Rather, it renders sec. 973.06, Stats., meaningless for it would expressly permit by way of a condition of probation that which is expressly prohibited as an item of costs. Such interpretations are to be avoided. . . . Furthermore, statutory interpretations which effectively repeal other statutes by implication are not favored by the law. . . . It is the duty of the courts, if possible, to construe two statutes such that both will be operative.
>
> In addition, we conclude that the costs statute, sec. 973.06, Stats., is the more specific in terms of the costs

960

of prosecution than the probation statute, sec. 973.09, Stats. The special prosecutor's fees were among the expenses of litigation in this case. However, many expenses of litigation are not allowable as taxable costs even though they are costs of litigation. The right to recover costs is not synonymous with the right to recover the expense of litigation. Such right is statutory in nature, and to the extent that the statute does not authorize the recovery of specific costs, they are not recoverable.

. . . .

If the probation statutes alone governed this question, we perhaps would agree that the condition of probation imposed here was reasonable and appropriate. However, we conclude that it is for the legislature to expressly permit the imposition of such a condition of probation in light of the express prohibition recited in the cost statute.

*Id.* at 216–18 (citations omitted).

■

¶ 18. Similarly, we conclude that WIS. STAT. § 973.09(1)(a) cannot authorize the circuit court to order the payment of outstanding restitution obligations from unrelated cases, even if the court characterizes the requirement as a general condition of probation, rather than as restitution ordered as a condition of probation pursuant to WIS. STAT. § 973.20. Although we are sensitive to the needs of victims to recover restitution, we cannot permit what the statutes do not allow.

¶ 19. We conclude that the circuit court erred as a matter of law, and thus erroneously exercised its discretion, by setting forth as a condition of probation the payment of outstanding restitution obligations from unrelated cases. Accordingly, we reverse those portions

of the judgment and postconviction order directing Torpen to pay restitution in his forgery and worthless check cases as a condition of probation in this case. We remand so that the circuit court can enter an amended judgment of conviction consistent with this opinion.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.