STATE of Wisconsin, Plaintiff-Respondent,

v.

Peter R. MARTEL, Defendant-Appellant.

Supreme Court

*No. 02–1599–CR. Oral argument May 29, 2003.—Decided June 27, 2003.*

2003 WI 70

(Also reported in 664 N.W.2d 69.)

For the defendant-appellant there was a brief by *Steven W. Zaleski* and *The Zaleski Law Firm,* Janesville, and oral argument by *Steven Zaleski.*

For the plaintiff-respondent the cause was argued by *Jeffrey J. Kassel,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. DIANE S. SYKES, J. This case is before the court on certification from the court of appeals on the question of whether a circuit court may order sex-offender registration as a condition of probation for a defendant who has not been convicted and sentenced for one of the crimes enumerated in the sex-offender registration statute or its counterpart in the sentencing code, Wis. Stat. §§ 301.45 and 973.048 (2001–2002),[1] respectively.

¶ 2. We conclude that Wis. Stat. § 973.048 limits the circuit court's discretion to order sex-offender registration to those persons who are sentenced or placed

---

[1] All subsequent references to the Wisconsin Statutes are to the 2001–2002 volumes unless otherwise indicated.

on probation for an offense enumerated in the statute. Because the defendant in this case was not sentenced or placed on probation for an offense enumerated in Wis. Stat. §§ 973.048 or 301.45, the circuit court's order of sex-offender registration as a condition of probation was error.

## I. FACTS & PROCEDURAL HISTORY

¶ 3. Peter R. Martel was charged in Columbia County Circuit Court with repeated sexual assault of the same child, in violation of Wis. Stat. § 948.025. He was released on a signature bond with the condition that he was to have no contact with the child. Martel was later charged with felony bail jumping, in violation of Wis. Stat. § 946.49(1)(b), after being found with the child and several other adults, including the child's mother, in his home in the Town of Lodi. The repeated sexual assault charge was dismissed at the preliminary hearing when the alleged victim failed to cooperate.

¶ 4. The State later refiled the case, charging Martel with six counts of sexual assault of a child under 16, in violation of Wis. Stat. § 948.02(2), instead of the original single count of repeated sexual assault of a child. Martel was also charged with physical abuse of a different child, in violation of Wis. Stat. § 948.03(2)(b), and two additional counts of felony bail jumping for violating the condition of his release that prohibited drinking alcohol.

¶ 5. The State again had difficulty securing the cooperation of the alleged victim, and eventually reached a plea agreement with Martel. On September 28, 2001, Martel pled no contest to bail jumping, and the remaining charges were dismissed and "read in." The State and Martel agreed to a joint sentence recom-

mendation of a withheld sentence and 36 months of probation, including 60 days in jail and sex-offender treatment as conditions of probation.

¶ 6. At sentencing, the Honorable Richard L. Rehm generally followed the parties' joint sentencing recommendation, with one notable exception that precipitated this review. The circuit court withheld sentence and placed Martel on probation for 36 months, with the following conditions: 60 days in jail, alcohol/drug assessment and treatment, sex-offender evaluation and treatment, sex-offender registration, provision of a DNA sample, and steady employment.

¶ 7. Martel filed a postconviction motion seeking removal of the sex-offender registration condition of probation. The circuit court denied the motion. Martel appealed, and the court of appeals certified the case to us, pursuant to Wis. Stat. (Rule) § 809.61, on the following question: "whether a circuit court may order a defendant to register as a sex offender when the defendant is convicted of bail jumping, with a sex offense dismissed and read in." We conclude that the circuit court's order of sex-offender registration as a condition of probation in this case was error, and reverse and remand for removal of the sex-offender registration condition of probation.

## II. STANDARD OF REVIEW

¶ 8. The pertinent facts in this case are undisputed. The sole issue before the court involves the interpretation and application of statutes pertaining to conditions of probation and sex-offender registration, which is a question of law that we review de novo. *State v. Oakley*, 2000 WI 37, ¶ 6, 234 Wis. 2d 528, 609 N.W.2d

786. A circuit court's imposition of conditions of probation is discretionary, but a discretionary decision that is based upon an error of law is an erroneous exercise of discretion. *Id.*, ¶ 3.

### III. ANALYSIS

¶ 9. A circuit court's authority to impose sex-offender registration as a condition of probation is governed by the language of three statutes: 1) Wis. Stat. § 301.45, the sex-offender registration statute; 2) Wis. Stat. § 973.048, which specifies when a circuit court may or must order sex-offender registration pursuant to Wis. Stat. § 301.45; and 3) the general probation statute, Wis. Stat. § 973.09.

#### A. Wis. Stat. § 301.45

¶ 10. The sex-offender registration statute, Wis. Stat. § 301.45, establishes a sex-offender registry and imposes registration and reporting requirements upon persons who meet certain statutory criteria. Generally, persons required to register and report under the statute include those who have been convicted, adjudicated delinquent, committed after a verdict of not guilty by reason of mental disease or defect, or are in prison, on probation, parole or other community supervision, or in a juvenile institution "for a sex offense." *See generally,* Wis. Stat. § 301.45(1g)(a)-(g).

¶ 11. "Sex offense" is defined in the sex-offender registration statute as:

[A] violation, or the solicitation, conspiracy, or attempt to commit a violation, of s. 940.22(2), 940.225(1), (2) or (3), 944.06, 948.02(1) or (2), 948.025, 948.05, 948.055, 948.06, 948.07, 948.075, 948.08, 948.095, 948.11(2)(a)

or (am), 948.12, 948.13, or 948.30, or of s. 940.30 or 940.31 if the victim was a minor and the person who committed the violation was not the victim's parent.

Wis. Stat. § 301.45(1d)(b). These enumerated offenses encompass sex crimes against adults and children, as well as certain child abduction crimes.

¶ 12. If required to register under the terms of the statute, the subject individual must provide and annually update an array of personal identifying information, including: name and any aliases, a detailed physical description, address, employer, any school in which the person is enrolled, the statute violated, the county or state of conviction, date of release from confinement or placement on supervision, the name of the person's supervising agency, and certain treatment information. Wis. Stat. § 301.45(2)(a), (3) and (4).

¶ 13. In addition to the initial registration and annual update requirements, the sex-offender registration statute requires registrants to notify the registry of any changes in required information within ten days of the change, or, in certain circumstances, within 24 hours of the change. Wis. Stat. § 301.45(4)(a) and (b). The statutory registration and reporting requirements are generally applicable for a period of 15 years following discharge from supervision, and in certain cases never expire. Wis. Stat. § 301.45(5).

¶ 14. Violation of the requirements of the sex-offender registration statute is punishable by up to nine months imprisonment for a first offense; second and subsequent offenses are Class H felonies, carrying a penalty of up to six years imprisonment. Wis. Stat. §§ 301.46(6), 939.50(3)(h).

¶ 15. The sex-offender registration statute specifies who is subject to its terms automatically, as a

matter of law. The parties agree that Martel is not subject to sex-offender registration under the terms of Wis. Stat. § 301.45 itself. Bail jumping is not one of the offenses enumerated in Wis. Stat. § 301.45(1d)(b).

## B. Wis. Stat. § 973.048

¶ 16. A separate statute—Wis. Stat. § 973.048— permits, and in some cases requires, a circuit court to order sex-offender registration pursuant to Wis. Stat. § 301.45. Wisconsin Statute § 973.048 specifies when a circuit court must order sex-offender registration at sentencing, and when a court may do so in the exercise of sentencing discretion:

> (1m) Except as provided in sub. (2m), if a court imposes a sentence or places a person on probation for any violation, or for the solicitation, conspiracy or attempt to commit any violation, under ch. 940, 944 or 948 or ss. 943.01 to 943.15, the court may require the person to comply with the reporting requirements under s. 301.45 if the court determines that the underlying conduct was sexually motivated, as defined in s. 980.01 (5), and that it would be in the interest of public protection to have the person report under s. 301.45.

> (2m) If a court imposes a sentence or places a person on probation for a violation, or for the solicitation, conspiracy or attempt to commit a violation, of s. 940.22(2), 940.225(1), (2), or (3), 944.06, 948.02(1) or (2), 948.025, 948.05, 948.055, 948.06, 948.07, 948.075, 948.08, 948.095, 948.11(2)(a) or (am), 948.12, 948.13, or 948.30, or of s. 940.30 or 940.31 if the victim was a minor and the person was not the victim's parent, the court shall require the person to comply with the reporting requirements under s. 301.45 unless the court determines, after a hearing on a motion made by the person, that the person is not required to comply under s. 301.45(1m).

Wis. Stat. § 973.048(1m) and (2m). Under each of these subsections, the circuit court's authority to order sex-offender registration arises only "if a court imposes a sentence or places a person on probation for a [or any] violation, or for the solicitation, conspiracy or attempt to commit a [or any] violation" of one of the enumerated statutes. Accordingly, neither mandatory nor discretionary court-ordered sex-offender registration under Wis. Stat. § 973.048 comes into play unless the court "imposes a sentence or places a person on probation for a violation" of one of the enumerated statutes.

¶ 17. The offenses enumerated in the mandatory subsection of the statute, subsection (2m), parallel the offenses enumerated in the definition of "sex offense" in the sex-offender registration statute. *See* Wis. Stat. § 301.45(1d)(b). The offenses enumerated in the discretionary subsection of the statute, subsection (1m), expand that list to include certain non-sex crimes "if the court determines that the underlying conduct was sexually motivated" and "that it would be in the interest of public protection to have the person report under s. 301.45." Wis. Stat. § 973.048(1m).

¶ 18. Bail jumping is not one of the offenses enumerated in either subsection (1m) or (2m) of Wis. Stat. § 973.048. As such, the statute does not apply to Martel's bail-jumping conviction.

¶ 19. The State argues that the six counts of sexual assault of a child that were dismissed and read in pursuant to Martel's plea agreement are sufficient to bring this case within the purview of Wis. Stat. § 973.048. We disagree.

¶ 20. In *State v. Austin,* 49 Wis. 2d 727, 183 N.W.2d 56 (1971), we addressed the nature and operation of read-in offenses in Wisconsin:

> Under our read-in procedure, the defendant does not plead to any charges and therefore is not sentenced on any of the read-in charges but such admitted uncharged offenses are considered in sentencing him on the charged offense. Thus under the read-in procedure, the defendant does not run the risk of consecutive sentences or even concurrent sentences. His only risk is a longer sentence for the crime charged but this sentence cannot exceed the maximum.

*Austin,* 49 Wis. 2d at 732.

¶ 21. As this passage from *Austin* makes clear, offenses that are dismissed and read in are admitted by the defendant for purposes of consideration at sentencing on the crime or crimes for which the defendant is convicted. But a defendant is not "sentenced" on read-in offenses, nor can he be "placed on probation" for read-in offenses. Needless to say, there is no conviction for an offense that is dismissed and read in, and a sentence or a period of probation can only be imposed if there is a conviction. *See* Wis. Stat. § 973.15(2)(a) ("the court may impose as many sentences as there are convictions") and § 973.09(1)(a) ("[I]f a person is convicted of a crime, the court, by order, may withhold sentence or impose sentence under s. 973.15 and stay its execution, and in either case place the person on probation."). Read-ins cannot increase the maximum sentence for the crime of conviction. *Austin,* 49 Wis. 2d at 732.

¶ 22. Martel has not been convicted of—and therefore has not been sentenced or placed on probation for—any of the offenses enumerated in Wis. Stat. § 973.048(1m) or (2m). The statute's mandatory and discretionary provisions for court-ordered sex-offender registration are applicable only when "a court imposes a sentence or places a person on probation" for one or

more of the statutorily-enumerated offenses. A circuit court does not impose a sentence or place an offender on probation for offenses that are dismissed and read in. Accordingly, the sexual assault read-ins do not bring this case within the terms of Wis. Stat. § 973.048.

¶ 23. *State v. Floyd,* 2000 WI 14, 232 Wis. 2d 767, 606 N.W. 2d 155, and *State v. Szarkowitz,* 157 Wis. 2d 740, 751–54, 460 N.W.2d 819 (Ct. App. 1990), do not dictate a contrary result. In *Floyd,* we held that a defendant is entitled to sentence credit for time spent in pretrial custody on read-in offenses. *Floyd,* 232 Wis. 2d 767, ¶¶ 1, 32.

¶ 24. The statute at issue in *Floyd* specified that a defendant "shall be given credit" for "actual days spent in custody," including, "without limitation by enumeration, confinement *related to an offense for which the offender is ultimately sentenced."* Wis. Stat. § 973.155(1)(a) (emphasis added). We noted in *Floyd* that the remedial purpose of the sentence credit statute was "to provide sentence credit in a wide range of situations" in order to "afford fairness" to defendants. *Floyd,* 232 Wis. 2d 767, ¶ 23 (quoting *State v. Beets,* 124 Wis. 2d 372, 379, 369 N.W.2d 382 (1985)). Accordingly, we concluded that "pre-trial confinement on a dismissed charge that is read in at sentencing *relates to* 'an offense for which the offender is ultimately sentenced' " within the meaning of the sentence credit statute. *Id.,* ¶ 32 (emphasis added.)

■

¶ 25. The statute at issue here does not contain the same sort of expansive language as the sentence credit statute at issue in *Floyd;* Wis. Stat. § 973.048 does not authorize court-ordered sex-offender registration for qualifying offenses that merely *relate to* the offense for which the offender is actually sentenced.

Rather, the statute authorizes (and in some cases mandates) court-ordered sex-offender registration only when the court actually imposes sentence or places a person on probation for a qualifying offense. *Floyd* is not analogous.

¶ 26. In *Szarkowitz,* the court of appeals held that the restitution statute, Wis. Stat. § 973.20(1) (1989–1990), allowed the circuit court to impose restitution for read-in offenses. *Szarkowitz,* 157 Wis. 2d at 753–54. The restitution statute authorized the circuit court, when imposing sentence or ordering probation, to order the defendant to make full or partial restitution "to any victim of the crime." *Id.* at 746. The court of appeals concluded that this language was ambiguous, because it could be read narrowly to encompass only the crime of conviction, or more broadly to include crimes admitted, dismissed, and read-in at sentencing for the crime of conviction. *Id.* at 751. The court of appeals concluded that the broader interpretation was more consistent with the statute's purposes, and held that "the language 'any victim of the crime' in sec. 973.20(1), Stats., includes victims of any crimes to which the defendant admits as part of the read-in procedure as well as victims of the particular crime for which he is convicted." *Id.* at 754.[2]

¶ 27. Unlike the restitution statute at issue in *Szarkowitz,* Wis. Stat. § 973.048 is not ambiguous. By its terms, it applies only when "a court imposes a sentence or places a person on probation for a [or any]

_____

[2] The legislature has since amended the restitution statute to expressly include "read-in" offenses. Wis. Stat. § 973.20(1g)(b).

violation" of a statutorily-enumerated offense. Wis. Stat. § 973.048(1m) and (2m). *Szarkowitz,* like *Floyd,* is not analogous.

## C. Wis. Stat. § 973.09

■

¶ 28. The State has a fallback argument, based on the language of the general probation statute, which was invoked by the circuit court in the denial of Martel's postconviction motion. The State argues that the circuit court's broad discretion in ordering conditions of probation under Wis. Stat. § 973.09 authorizes the circuit court to order sex-offender registration as a condition of probation, even if the statutes that more specifically govern sex-offender registration do not apply.

¶ 29. This cannot be correct. True, the language of the general probation statute is very broad: "The court may impose any conditions which appear to be reasonable and appropriate." Wis. Stat. § 973.09(1)(a). Sex-offender registration seems quite reasonable and appropriate where sex offenses are admitted, dismissed, and read in for purposes of sentencing on a non-sex offense.

¶ 30. However, the broad statutory grant of discretion over conditions of probation cannot be interpreted as vesting the circuit court with the authority to invoke and apply statutes that are otherwise plainly inapplicable. The circuit court cannot, under the auspices of the general probation statute, dispense with the statutory standards that govern the applicability of the sex-offender registration statute. This argument, if accepted, would render the specific terms and limitations of Wis. Stat. §§ 973.048 and 301.45 meaningless.

¶ 31. The State argues that our decision in *State v. Heyn,* 155 Wis. 2d 621, 456 N.W.2d 157 (1990), as interpreted in *Oakley,* permits the circuit court to order sex-offender registration under the general probation statute even where the sex-offender registration statutes do not apply. In *Heyn,* the defendant was convicted of burglary and was ordered as a condition of probation to pay restitution for the installation of a burglar alarm at the victim's home. *Heyn,* 155 Wis. 2d at 625. This item of restitution, however, did not constitute "pecuniary loss" within the meaning of Wis. Stat. § 973.09(1)(b) (1985–86), specifying mandatory restitution.

¶ 32. We concluded in *Heyn* that the mandatory victim restitution provision in section 973.09(1)(b) did not "inhibit or restrict the authority of a trial court to impose 'reasonable and appropriate' conditions of probation" under Wis. Stat. § 973.09(1)(a). *Id.* at 628 (quoting *State v. Connelly,* 143 Wis. 2d 500, 505, 421 N.W.2d 859 (Ct. App. 1988)). Because the provisions of § 973.09(1)(a) and (1)(b) were "cumulative and concurrent," we held that "the latter section neither usurps nor abridges the former." *Id.* Thus, we concluded that the mandatory restitution provision in Wis. Stat. § 973.09(1)(b) did not operate as a limitation on the circuit court's discretion to order other "reasonable and appropriate" conditions of probation under Wis. Stat. § 973.09(1)(a).

¶ 33. We discussed *Heyn* in *Oakley,* but the statutes at issue in the latter case led us to a different conclusion. *Oakley,* 234 Wis. 2d 528, ¶¶ 22–27. In *Oakley,* the circuit court had ordered the defendant to pay an old, unpaid fine as a condition of probation on an unrelated felony case. *Id.,* ¶¶ 1–2. We noted that the penalty for nonpayment of a fine was statutorily fixed at

a maximum of six months, pursuant to Wis. Stat. § 973.07. *Id.,* ¶ 15. Ordering payment of the old, unrelated fine as a condition of probation on the defendant's felony conviction exposed the defendant to a prison term of up to ten years if revoked for noncompliance. *Id.,* ¶¶ 13–14.

¶ 34. We distinguished the mandatory restitution statute at issue in *Heyn,* which did not operate as a limitation on the circuit court's discretion to order additional items of restitution under the general probation statute. *Id.,* ¶ 25. In contrast to *Heyn,* we concluded in *Oakley* that the circuit court's order of payment of the old fine as a condition of probation on the ten-year felony "conflicts with the clear statutory mandate in Wis. Stat. § 973.07 that incarceration for failure to pay a fine is limited to incarceration in county jail for no more than six months."[3] *Id.,* ¶ 27.

¶ 35. This case is closer to *Oakley* than to *Heyn.* Under Wis. Stat. § 973.048, the circuit court is authorized to order sex-offender registration only when it

---

[3] The State has asked us to consider overruling *State v. Torpen,* 2001 WI App 273, 248 Wis. 2d 951, 637 N.W.2d 481, as inconsistent with *State v. Heyn,* 155 Wis. 2d 621, 456 N.W.2d 157 (1990), and *State v. Oakley,* 2000 WI 37, ¶ 6, 234 Wis. 2d 528, 609 N.W.2d 786. The court of appeals also noted in its certification that its analysis in *Torpen* may not have been consistent with *Heyn* or *Oakley. Torpen* involved a circuit court order of payment of outstanding restitution obligations as a condition of probation on an unrelated case. *Torpen,* 248 Wis. 2d 951, ¶ 5. The court of appeals concluded that the general probation statute, Wis. Stat. § 973.09, did not authorize the circuit court to order payment of restitution on unrelated cases. *Id.,* ¶¶ 18–19. We decline to address any inconsistencies between *Torpen, Heyn,* and *Oakley* in the context of this case, which does not involve the interpretation of statutes pertaining to restitution in light of the probation statute.

"imposes a sentence or places a person on probation for a [or any] violation" of one of the statutorily-enumerated offenses. Wis. Stat. § 974.048(1m) and (2m). Like the unpaid fine penalty statute at issue in *Oakley,* Wis. Stat. § 973.048 limits the circuit court's authority to order sex-offender registration to the circumstances specified in the statute. The probation statute, Wis. Stat. § 973.09(1)(a), does not expand the application of the sex-offender registration statute to persons not otherwise covered.

¶ 36. Here, as in *Oakley,* the circuit court's order of sex-offender registration as a condition of probation under Wis. Stat. § 973.09 operates to increase the defendant's potential criminal liability beyond that which would apply for revocation of probation. In *Oakley,* the circuit court's order of payment of the old fine as a condition of felony probation increased the potential penalty for nonpayment from six months to ten years. Here, the sex-offender registration condition of probation increases Martel's potential criminal liability in a different way: he is on probation for bail jumping for three years, and if that probation is revoked, he faces a penalty of up to ten years imprisonment. Wis. Stat. § 939.50(3)(d). The sex-offender registration requirement continues to apply for 15 years after discharge from supervision, and subjects Martel to imprisonment of nine months for a first violation and six years for any second or subsequent violation. Wis. Stat. §§ 301.45(6)(a)2. and 939.50(3)(h).

¶ 37. Accordingly, we conclude that the circuit court's order of sex-offender registration as a condition of Martel's bail-jumping probation is not authorized by Wis. Stat. § 973.09(1)(a). Bail jumping is not one of the offenses enumerated in the sex-offender registration statutes, Wis. Stat. §§ 973.048 or 301.45, and the sexual

assault read-ins do not bring Martel's case within the purview of Wis. Stat. § 973.048. The circuit court's order of sex-offender registration as a condition of Martel's probation for bail jumping was error. We remand to the circuit court for an appropriate amendment to the judgment of conviction removing sex-offender registration as a condition of probation.

*By the Court.*—The order of the circuit court is reversed and the cause is remanded to the circuit court for further proceedings consistent with this opinion.