ANN WALSH BRADLEY, J.
¶ 49. {concurring). I agree with the majority that when a defendant's parole is revoked, sentence credit should be applied to reduce the term of re-incarceration and not parole.
¶ 50. We accepted review in this case in order to address that question so that future litigants would have clarity. The petitioner asked a discreet question:
Do the sentence credit statute and the constitutional protections upon which it is based require time spent in "custody" to be credited against time spent in prison, as opposed to time spent on supervision?
Answering that question does not require us to compute the number of days of sentence credit Obriecht should receive.
¶ 51. Nevertheless, the majority reaches out and endeavors to count the actual days of sentence credit due Obriecht in this unique case made complex by its multiple time periods, legal maneuvers, and convictions involved. Numerous reasons illustrate the folly of the majority tackling this unbriefed issue.
¶ 52. To begin, half of the record is missing or has been destroyed. Notably, for computation purposes, it is the important half which covers the time periods at issue in this case. Instead, we are left to cobble together the events based on a record with discrepan *841 cies between the portions of the record available and the parties' descriptions of events.
¶ 53. Next, this case is moot and the computation of credit due for this defendant is meaningless. Because Obriecht had completed his sentence by the time this case was heard, a determination of the exact number of days of credit he should have received will have no effect on him.
¶ 54. Finally, by unnecessarily wading into the exact computation of sentence credit that Obriecht is owed, the majority risks unintentionally creating precedent that could be at odds with the significant purposes fulfilled by awarding sentence credit. Accordingly, I respectfully concur.
I
¶ 55. The complexity of the facts in this case is reflected in the background provided by the majority. After Obriecht was arrested and charged with seven misdemeanors and a felony, he was in and out of custody for various reasons while awaiting trial, after sentencing, and again while his convictions were on appeal. Majority op., ¶¶ 7-10. During this period he was awarded sentence credit on two separate occasions. Id., ¶ 11.
¶ 56. The parties agree that Obriecht spent more time in custody than he was awarded. This appeal arose from the circuit court's decision to apply the outstanding credit to Obriecht's period of parole rather than the in-custody period of his sentence.
¶ 57. After discussing the sentence credit statute, the majority announces that it must examine each period of time Obriecht spent in custody and determine which were related to his felony conviction, as that is *842 the conviction to which he sought to apply sentence credit. Id., ¶ 28. This is followed by a detailed description of each of those time periods and a computation of the number of days that Obriecht should receive. Id., ¶¶ 28-32, 37-42.
II
¶ 58. The basis for the majority's computation of Obriecht's sentence credit is shaky at best. Less than half of the record has been made available for our review. Out of 272 record documents, only numbers 216 through 279 were transferred to this court. Notably, all of the records received by this court post-date the time periods at issue by several years. Thus, the details of when Obriecht was in custody have been cobbled together from various court filings and decisions and the representations of the parties.
¶ 59. Even the representations of the parties leave doubt regarding the exact dates and time periods involved. For example, although the parties stipulated that Obriecht had spent an extra 107 days in custody, this court could not reproduce that calculation. Id., ¶ 17 n.ll. Instead it determines that the actual number of days was 105. Id., ¶ 41. Overall, little detail is contained in the parties' briefs regarding the time periods of Obriecht's custody as they were not disputing the calculation of the sentence credit he was owed.
¶ 60. The murky record should not have been a problem because the question presented to us did not require us to compute days of sentence credit owed. The actual number at this point is moot because the defendant has completed his sentence. It is further of questionable value given that the crimes involved all occurred pre-Truth-in-Sentencing.
*843 ¶ 61. Not only is it unnecessary, but computing the exact number of days of sentence credit owed to Obriecht runs the risk of undermining the significant purposes behind sentence credit. As this court has explained, "Wisconsin's sentence credit statute has its roots in the constitutional principle of equal protection and was an immediate response to this court's call for action in Klimas v. State, 75 Wis. 2d 244, 249 N.W.2d 285 (1977)." State v. Floyd, 2000 WI 14, ¶ 20, 232 Wis. 2d 767, 606 N.W.2d 155.
¶ 62. In Klimas, the court addressed a defendant's claim for sentence credit for the time he spent in pre-trial confinement because he could not afford bail. The court acknowledged that this situation raised equal protection concerns, explaining that "[t]he failure to credit pre-trial time or pre-sentence time in custody as the result of indigency means that persons similarly situated except for financial means are subject to different periods of confinement for the same crime." Klimas, 75 Wis. 2d at 248. It then determined that "[t]he obvious method of rectifying the inequality is to credit the preconviction time in partial fulfillment of the sentence imposed upon conviction." Id. at 249.
¶ 63. Since Klimas, courts have acknowledged that the purpose behind awarding sentence credit extends beyond equal protection, encompassing fairness as well. "[Confinement credit is designed to afford fairness — that a person not serve more time than that for which he is sentenced." State v. Beets, 124 Wis. 2d 372, 379, 369 N.W.2d 382 (1985); see also State v. Johnson, 2009 WI 57, ¶ 31, 318 Wis. 2d 21, 767 N.W.2d 207 ("Wis. Stat. § 973.155 is designed to prevent a defendant from serving more time than his sentence or his sentences call for."); State v. Martel, 2003 WI 70, ¶ 24, 262 Wis. 2d 483, 664 N.W.2d 69 *844 ("the remedial purpose of the sentence credit statute was 'to provide sentence credit in a wide range of situations' in order to 'afford fairness' to defendants").
¶ 64. The equal protection and fairness concerns underlying Wis. Stat. § 973.155 suggest that to the extent possible, a defendant should receive sentence credit for each day spent in custody. To do otherwise would permit defendants with enough money to pay bail to serve shorter sentences than those that do not, and would cause some defendants to spend more time in custody than the sentence they received.
¶ 65. Here, the parties stipulated that Obriecht is entitled to 107 days of sentence credit. Nevertheless, the majority concludes that Obriecht spent an extra 105 days in custody but can receive credit for only 42 days. Neither the record nor the arguments present a clear reason for doing so. This unnecessary reduction of sentence credit runs counter to the policies underlying sentence credit which provide that credit should be awarded for as many days in custody as possible and that a person serve no more time than that for which he is sentenced.
Ill
¶ 66. In contrast to the majority, I would not endeavor to compute the exact sentence credit that Obriecht is owed. Given the murky nature of the record and the lack of briefing on the subject, any attempted computation is a gamble. Because there is no need to conduct such a computation to answer the question at issue in this case, I would not risk creating precedent that could be used to diminish the weighty concerns underlying sentence credit. Accordingly, I respectfully concur.
*845 ¶ 67. I am authorized to state that Justice SHIRLEY S. ABRAHAMSON and Justice N. PATRICK CROOKS join this concurrence.