**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**October 29, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP1596-CR**

Cir. Ct. No. 2019CF1242

STATE OF WISCONSIN

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

V.

KAYDEN R. YOUNG,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Marathon County: MICHAEL K. MORAN, Judge. *Reversed and cause remanded for further proceedings*.

Before Stark, P.J., Hruz and Gill, JJ.

¶1    HRUZ, J.   The State of Wisconsin appeals an order granting Kayden Young's motion to dismiss a charge of failing to comply with the reporting requirements for a registered sex offender, in violation of WIS. STAT.

§ 301.45(6)(a)1. (2021-22).[1] Young's successful motion was premised on the legal effect of two orders entered in an earlier criminal case (in which he was convicted of second-degree sexual assault of a child) that led to his status as a registered sex offender. According to Young, the only effective circuit court order in that case regarding his registration was a May 2014 order determining that Young satisfied the requirements for the "underage sexual activity exception" to mandatory registration in § 301.45(1m)(a)1m. Young argued that the May 2014 order was permanent—regardless of the court's stated intent that it only be temporary while Young served his probation—and that it was not superseded by a later-entered, November 2015 order requiring Young's sex offender registration, which was entered upon his sentencing after revocation of his probation. As such, Young contended that he could not be guilty of failing to comply with the statutory requirements of sex offender registration. The court agreed and dismissed the criminal charge.

¶2 We conclude that WIS. STAT. § 973.048(2m) requires a circuit court to order a defendant to register as a sex offender each time he or she is being sentenced or placed on probation for a crime listed therein, unless the court determines, as of that time, that the defendant qualifies for the underage sexual activity exception in WIS. STAT. § 301.45(1m)(a)1m. This requirement existed both when the court placed Young on probation in May 2014 and again when it sentenced him after revocation of his probation in November 2015. Given the court's determination at the latter hearing that Young did not satisfy the underage sexual

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

2

activity exception's fourth requirement,[2] we conclude that the November 2015 order requiring that he register as a sex offender remains valid.

¶3    We also decline Young's request that we apply the forfeiture doctrine because the State did not make before the circuit court the argument we now adopt. We chose not to apply the forfeiture doctrine given that the question of law addressed in this appeal is of sufficient public interest to merit a decision and a holding in this case will provide guidance to the bench and bar on the applicability of WIS. STAT. § 973.048(2m) to sentencing after revocation of probation.  Our answering the issue on appeal will also resolve any ambiguity in Young's ongoing sex offender status, which has now been addressed in two separate criminal cases. Accordingly, we reverse the order granting Young's motion to dismiss the WIS. STAT. § 301.45(6)(a)1. charge against him and remand for further proceedings.

## BACKGROUND

¶4    On May 6, 2014, Young pled no contest to second-degree sexual assault of a child in Marathon County case No. 2013CF875.[3]  The circuit court withheld sentence and placed Young on probation for four years.  At the same

---

[2] Among the determinations a circuit court must make in deciding whether a person satisfies the requirements for the underage sexual activity exception is that "[i]t is not necessary, in the interest of public protection, to require the person to comply with the reporting requirements under this section."  WIS. STAT. § 301.45(1m)(a)1m.d.  The court may consider the factors in § 301.45(1m)(e)1. through 7. when making that determination.  Sec. 301.45(1m)(e).

[3] Some of the details regarding the procedural history of Marathon County case No. 2013CF875 are not in the record.  Both parties rely on CCAP (Consolidated Court Automation Programs) records to supply those missing details.  Consistent with the parties' approach, we take judicial notice of the CCAP records that are available on the Wisconsin Circuit Court Access website.  *See* WIS. STAT. § 902.01; *see also* **Kirk v. Credit Acceptance Corp.**, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522 (taking judicial notice of CCAP records).

The Honorable Michael K. Moran also presided over Marathon County case No. 2013CF875.

hearing, Young expressed his desire to seek an exemption from the otherwise mandatory sex offender registration. Several days later, Young filed a motion requesting that relief. Shortly thereafter, the court granted Young's motion, concluding that Young had met the four requirements in WIS. STAT. § 301.45(1m)(a)1m. The court, however, limited the duration of the exemption to six months in order "to see how [Young] does on probation."

¶5     Six months later, Young was in the midst of probation revocation proceedings. Due to the ongoing nature of those proceedings, the circuit court declined to issue any orders regarding sex offender registration until the proceedings resolved. Young's probation was eventually revoked, and he returned to court for sentencing after revocation. In November 2015, the court sentenced Young to five and one-half years of initial confinement followed by six years of extended supervision. The court also ordered Young to register as a sex offender. Young did not appeal that sentence or the sex offender registration order.

¶6     After serving his initial confinement, Young was released on extended supervision. Several months later, the State charged Young, under WIS. STAT. § 301.45(6)(a)1., with knowingly failing to comply with the sex offender registration requirements set forth in § 301.45(2)-(4)—the charge at issue in this appeal.

¶7     Young filed a motion to dismiss the charge, arguing that he had no legal obligation to register as a sex offender and, therefore, could not be charged for that crime as a matter of law. In support of his argument, Young asserted that the circuit court did not have the legal authority in case No. 2013CF875 to order a "temporary" exemption under WIS. STAT. § 301.45(1m). Accordingly, he asserted that the court's initial, temporary exemption order in that case must be deemed

permanent because, at the time it issued that order, the court had determined that Young met the underage sexual activity exception's requirements in § 301.45(1m)(a)1m.

¶8     In a written response opposing the motion, the State conceded that the circuit court had initially determined that Young met the four requirements in WIS. STAT. § 301.45(1m)(a)1m. allowing for an exemption from the sex offender registration requirements. The State argued, however, that § 301.45(1m) did not expressly allow or disallow a court to grant only a temporary exemption— intimating that the court had the authority to do so. The State also suggested that the court properly exercised its discretion at the sentencing after revocation by concluding that Young should have to register as a sex offender. The State did not argue that WIS. STAT. § 973.048(2m) controls, such that the court was required to decide anew, when it sentenced Young after revocation of his probation, whether Young must register as a sex offender.

¶9     At a hearing on Young's motion, the circuit court recalled its determination that Young initially met the four requirements in WIS. STAT. § 301.45(1m)(a)1m. allowing him to be exempt from sex offender registration. The court further explained, however, that it ordered the exemption on a temporary basis because it wanted to impress upon Young that he could be required to register as a sex offender for the rest of his life if he did not take his probation seriously. Reflecting on that decision, the court concluded that the Wisconsin Statutes do not grant circuit courts the express authority to order an exemption on a temporary basis. For that reason, and based on the State's only arguments in opposition, the court granted Young's motion and dismissed the § 301.45(6)(a)1. charge against him. The State now appeals.

## DISCUSSION

¶10    Whether WIS. STAT. § 973.048(2m) required the circuit court to order Young to register as a sex offender when it sentenced him for a violation of second-degree sexual assault of a child is a question of law that we review independently. *See State v. Martel*, 2003 WI 70, ¶8, 262 Wis. 2d 483, 664 N.W.2d 69, *abrogated on other grounds by State v. Straszkowski*, 2008 WI 65, 310 Wis. 2d 259, 750 N.W.2d 835. This issue, and its related questions regarding how our interpretation of § 973.048(2m) applies to the facts of this case, appear to present matters of first impression in Wisconsin appellate courts.

¶11    The interpretation and application of statutes pertaining to sex offender registration are questions of law that we review de novo. *Martel*, 262 Wis. 2d 483, ¶8. "[S]tatutory interpretation 'begins with the language of the statute.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "We give statutory language 'its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning.'" *Town of Rib Mountain v. Marathon County*, 2019 WI 50, ¶9, 386 Wis. 2d 632, 926 N.W.2d 731 (citation omitted). We also interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.* (citation omitted). Where possible, we interpret statutory language in such a manner in order "to give reasonable effect to every word, in order to avoid surplusage." *Kalal*, 271 Wis. 2d 633, ¶46.

¶12    If the meaning of the statutory language is plain and unambiguous, our inquiry ordinarily ends, and "we need not 'consult extrinsic sources of

interpretation, such as legislative history.'" ***Milwaukee Dist. Council 48 v. Milwaukee County***, 2019 WI 24, ¶11, 385 Wis. 2d 748, 924 N.W.2d 153 (citation omitted). A statute is not ambiguous simply because "there is a disagreement about the statutory meaning." ***Kalal***, 271 Wis. 2d 633, ¶47. Rather, a statute is ambiguous if its "language *reasonably* gives rise to different meanings." ***Id.*** (citation omitted).

¶13 Before reaching the merits of the State's argument, we first address Young's contention that the State forfeited its argument regarding WIS. STAT. § 973.048(2m). Generally, an appellant forfeits an argument on appeal if the appellant failed to raise that argument in the circuit court. ***State v. Gee***, 2019 WI App 31, ¶39, 388 Wis. 2d 68, 931 N.W.2d 287. "The purpose of the forfeiture rule is to enable the circuit court to avoid or correct any error as it comes up, with minimal disruption of the judicial process and maximum efficiency." ***State v. Counihan***, 2020 WI 12, ¶26, 390 Wis. 2d 172, 938 N.W.2d 530. We may, however, address a forfeited argument if it involves a question of law rather than of fact, both parties have briefed this issue, and the question of law is one of sufficient public interest to merit a decision. ***State v. Ward***, 2000 WI 3, ¶45, 231 Wis. 2d 723, 604 N.W.2d 517.

¶14 The State concedes that it did not raise its current argument regarding WIS. STAT. § 973.048(2m) in the circuit court. Nonetheless, the State requests that we overlook its forfeiture, largely because the court's order in this case dismissing the charge for failure to comply with sex offender reporting requirements did not directly affect the court's order in Marathon County case No. 2013CF875 requiring Young to register as a sex offender. However, the court's order in case No. 2013CF875 does directly affect its order in this case. The State correctly argues that the court's order in case No. 2013CF875 has "created a conflict in the status of Young's [sex-offender] registration that … needs to [be] resolve[d]."

7

¶15 Under the circumstances of this case, we agree that we should address the merits of the State's argument regarding WIS. STAT. § 973.048(2m). The State's position presents questions of law that both parties have addressed in their briefing. The circuit court plainly desired and ordered, at sentencing after revocation of Young's probation, that Young register as a lifetime sex offender. The court would have maintained that order but for its conclusion that the Wisconsin Statutes do not grant it such authority, at least not under the facts of this case. Addressing the State's argument will also provide clarity to Young and State officials regarding Young's status as a registered sex offender, given that Young's collateral challenge in this case does not directly impact the November 2015 order in case No. 2013CF875. Furthermore, the questions at play are of sufficient public interest to merit a decision because a decision in this matter will instruct future litigants and circuit courts regarding the applicability of § 973.048(2m) to sentencing after revocation of probation. *See* **Ward**, 231 Wis. 2d 723, ¶45.

¶16 Turning now to the merits of the State's argument, we begin by quoting the relevant statutory language. WISCONSIN STAT. § 973.048(2m) provides:

> If a court imposes a sentence or places a person on probation for a violation, or for the solicitation, conspiracy or attempt to commit a violation, of [multiple statutory offenses], the court shall require the person to comply with the reporting requirements under [WIS. STAT. §] 301.45 unless the court determines, after a hearing on a motion made by the person, that the person is not required to comply under [§] 301.45(1m).

¶17 We read this statutory language as requiring a circuit court to order sex offender registration *whenever* it imposes a sentence (or places a person on probation) for the enumerated offenses—regardless of whether, as here, that sentence is imposed after revocation of probation—unless the court concludes that

8

the exception in WIS. STAT. § 301.45(1m) applies. To be sure, had the legislature used the word "whenever" instead of "if" at the very beginning of this provision, our interpretation would presumably be beyond reproach. Still, it is difficult to ascribe any meaning to the legislature's use of "if" here, other than the traditional conditional style of an "if-then" phrasing—i.e., our above-stated interpretation.

¶18 Although the statute does not expressly state that a circuit court must order sex offender registration "when the person is revoked from probation and then sentenced," it would be redundant to do so. The practical effect of the initial language in WIS. STAT. § 973.048(2m) already requires a court to order registration at that time because the court *is* "impos[ing] a sentence." *See* § 973.048(2m); *see also* WIS. STAT. § 973.10(2)(a) (requiring the Department of Corrections to "order the probationer brought before the court *for sentence which shall then be imposed*" if probation is revoked and the probationer has not already been sentenced (emphasis added)). In other words, a sentence imposed after revocation of probation is still a "sentence" for purposes of § 973.048(2m), and the court is required to order sex offender registration unless the underage sexual activity exception applies.

¶19 Young does not directly address the foregoing, plain-language statutory interpretation.[4] Rather, he advances two overlapping arguments against the application of WIS. STAT. § 973.048(2m) to this case, the first of which responds directly to the State's argument in its brief-in-chief, and the second of which is based on an argument of statutory context. Neither argument dissuades us from our plain-language interpretation.

---

[4] Young complains that "[t]he [S]tate's entire appellate argument regarding [WIS. STAT. §] 973.048(2m)" only "spans two pages of its brief-in-chief" and that the State then "leaps to … conclusion[s]" from that analysis. However, the fact that a plain-language statutory construction can be done expeditiously does little to impugn its relative merit.

¶20    Turning to Young's first argument, he opposes the State's assertion that "the [circuit] court's requirement to order registration when it imposes sentence after revocation *resets* the registration requirement, thereby *revoking* any earlier exceptions granted under [WIS. STAT. §] 301.45(1m)." (Emphasis added.) In response to the State's claim, Young asserts that "[n]either WIS. STAT. § 973.048 [n]or § 301.45 contains any language supporting an argument that an underage sexual activity exception previously granted is 'reset' and 'revoked' if a defendant returns to court for sentencing after revocation of probation." Both parties' positions appear to presume that a subsequent order regarding sex offender registration must directly relate back to any prior order regarding such registration.

¶21    We characterize the circumstances in a slightly different manner. Namely, at a sentencing after revocation of probation, a circuit court has a renewed obligation to examine the imposition of sex offender registration because it *is* sentencing the defendant. In doing so, the court would not be "resetting" or "revoking" any prior order per se. Rather, the court's new order would simply supersede its prior order, as it is more recent in time, thereby considering all circumstances then in existence, which plainly are the most relevant circumstances with respect to the fourth requirement of the underage sexual activity exception.[5]

---

[5] The language of WIS. STAT. § 301.45(1m) supports our interpretation. As noted earlier in this opinion, for a person to be exempt from the sex offender registration requirement, one of the determinations that a circuit court must make is that "[i]t is not necessary, in the interest of public protection, to require the person to comply with the reporting requirements under this section." Sec. 301.45(1m)(a)1m.d. In making this determination, the court may consider several factors, including "[t]he probability that the person will commit other violations in the future." Sec. 301.45(1m)(e)5. This language is consistent with a recognition that, when considering whether a person qualifies for the underage sexual activity exception, courts may view a person who has just been placed on probation differently from a person who has had his or her probation revoked.

10

¶22    So, Young is correct, in a sense, that any initial order granting the underage sexual activity exception to sex offender registration is "permanent," insomuch as it is without any temporal limitation. Barring another setting that implicates the dictates of WIS. STAT. § 973.048(2m), a circuit court cannot later reconsider or revise that order. However, once a new order is issued upon a subsequent sentencing of a defendant or a subsequent determination that the defendant qualifies for the underage sexual activity exception pursuant to a motion made under WIS. STAT. § 301.45(1m)(b), that latter order controls the defendant's requirement to comply with sex offender registration. Under the facts of this case, because the circuit court ordered Young to comply with sex offender registration at his sentencing after revocation, Young was, and is, required to comply with that order.[6]

¶23    Young's second argument is that when all the relevant statutory provisions are read in the proper context, WIS. STAT. § 973.048(2m) does not "control" or even apply to this case; only WIS. STAT. § 301.45(1m) controls. In Young's view, § 973.048 is merely a "sentencing provision that concerns a circuit court's discretionary authority to require a defendant convicted of a non-sex offense to register as a sex offender under … § 301.45." (Formatting altered.) Young further contends that § 973.048(2m) "simply reminds" or "clarifies" for "circuit courts that no such discretion exists when it comes to [persons convicted of sex offenses as defined by § 301.45(1d)(b)]" and that it "is procedural and informative and not substantive." In all events, Young does not believe an order issued at a

---

    [6] Given our disposition in this case, we need not, and do not, address the validity of a circuit court issuing a temporary suspension of the sex offender reporting requirements.

sentencing after revocation of probation can be used to overcome a prior order concluding that a defendant qualified for the underage sexual activity exception.

¶24     We perceive nothing in either the language of WIS. STAT. §§ 301.45 or 973.048 or their statutory contexts as supporting Young's position. Indeed, both the statutes' plain language and their statutory context compel our rejection of his argument and our adherence to our above interpretation of § 973.048(2m).

¶25     WISCONSIN STAT. § 973.048 is part of the sentencing code, and the statute covers all sex offender registration requirements, not just discretionary circumstances, by "specif[ying] when a circuit court may or must order sex-offender registration pursuant to WIS. STAT. § 301.45." *Martel*, 262 Wis. 2d 483, ¶9; § 973.048(1m)(a), (2). In other words, § 973.048 represents the provision in Wisconsin's sentencing code instructing circuit courts on how and when to order criminal defendants to comply with the sex offender reporting requirements otherwise established in § 301.45.

¶26     To elaborate, both WIS. STAT. § 973.048(1m)(a) and (2m) apply at the time when "a [circuit] court imposes a sentence or places a person on probation" for violating the offenses listed in those subsections. Section 973.048(1m)(a) states that, "[e]xcept as provided in sub. (2m)," a sentencing court may require a person to register as a sex offender if the person committed certain enumerated offenses and "the court determines that the underlying conduct was sexually motivated … and that it would be in the interest of public protection to have the person report under [WIS. STAT. §] 301.45." By contrast, § 973.048(2m) provides that a sentencing court "shall require the person to comply with the reporting requirements under [§] 301.45" if the person committed the offenses listed therein. The court must do so unless it "determines, after a hearing on a motion made by the

person, that the person is not required to comply under [§] 301.45(1m)." Sec. 973.048(2m).

¶27    Therefore, WIS. STAT. § 973.048(2m) does more than merely act as a "reminder" to sentencing courts. It is a statutory directive that courts must follow when imposing a sentence or placing a person on probation for, as applicable to Young, violating WIS. STAT. § 948.02(2). *See State v. Smith*, 2010 WI 16, ¶22, 323 Wis. 2d 377, 780 N.W.2d 90 ("[Section] 973.048(2m) is the subsection that *requires* registration for those who are convicted of a sex offense under WIS. STAT. § 301.45." (emphasis added)). Section 973.048(2m) is in the sentencing code to direct circuit courts, prosecutors, and defendants accordingly.

¶28    At most, both subsecs. (1m) and (2m) of WIS. STAT. § 973.048 are restatements of when sex offender registration is, or may be, required in accordance with WIS. STAT. § 301.45. Young is correct that § 301.45(1g) defines which individuals are covered by the sex offender registration requirements. One set of individuals is those who are "ordered by a court under [WIS. STAT. §§] 51.20(13)(ct)1m., 938.34(15m)(am), 938.345(3), 971.17(1m)(b)1m. *or 973.048(1m)* to comply with the reporting requirements under this section." Sec. 301.45(1g)(e) (emphasis added). Another group consists of those who are "convicted or adjudicated delinquent on or after December 25, 1993, for a sex offense," § 301.45(1g)(a), which offenses are defined as mostly the same offenses

as those listed in § 973.048(2m),[7] § 301.45(1d)(b).  And § 301.45(1m) extensively governs the manner in which the underage sexual activity exception may apply.

¶29    But none of these provisions speak to how and when circuit courts are to apply these provisions and decide to formally order a criminal defendant to register as a sex offender.  Rather, it is WIS. STAT. § 973.048 that accomplishes this result, as a provision in Wisconsin's sentencing code governing how and when circuit courts formally order a criminal defendant to comply with the reporting requirements in WIS. STAT. § 301.45.  We see nothing in this statutory context that compels us to conclude that § 973.048 does not still dictate that each time a court sentences or places a defendant on probation, it must engage in the applicable statutory analyses in that statute.

¶30    We recognize that the nature and procedural posture of this case—including its relation to the events in the earlier Marathon County case No. 2013CF875—appear to be fairly unique.  Accordingly, we wish to be clear about the limits of our holding in a few respects.  In particular, as noted, we construe WIS. STAT. § 973.048(2m) as requiring circuit courts to address sex offender registration both when placing a person on probation and when imposing a sentence (including a sentence after revocation of a prior probation order that addressed sex offender registration, as was the case here).  Still, if in a particular case the circuit

---

[7] We recognize that the offenses listed in WIS. STAT. § 973.048(2m) and WIS. STAT. § 301.45(1d)(b) are not identical.  Section 973.048(2m) includes the entirety of WIS. STAT. § 948.07 (child enticement), whereas § 301.45(1d)(b) includes only § 948.07(1) to (4), excluding the last two subsections of that statute.  Furthermore, § 973.048(2m) does not include WIS. STAT. § 944.18 (bestiality), which is included in § 301.45(1d)(b).  However, Young was not convicted of one of these offenses.

These limited differences—whatever may be the legislature's reasons for them—do not change our statutory analysis.  That some offenses are included or excluded from WIS. STAT. § 973.048(2m) (even as compared to WIS. STAT. § 301.45(1d)(b)) does not negate that provision's directive that circuit courts must follow when imposing a sentence or placing a person on probation.

court and the parties do not again address sex offender registration at a sentencing after revocation of probation, any order regarding sex offender registration entered when probation was ordered remains valid and effective. As sex offender registration is neither part of a sentence nor a condition of probation, any failure at a sentencing after revocation to revisit the prior order based on the parties' or the court's opting not to do so—intentionally or otherwise—gives no reason for anyone to later use that omission as a means to collaterally attack the earlier, permanent order.[8]

¶31 Finally, we note that Young was, and is, not without recourse. If he wanted to avoid the registration requirement, he was permitted to file another motion seeking application of the exception under WIS. STAT. § 301.45(1m)(b) in relation to his sentencing after revocation. Moreover, that paragraph outlines a procedure for filing a motion for applying the underage sexual activity exception even after the sentencing hearing occurs—i.e., when a criminal defendant such as Young "is not before the court under … [WIS. STAT. §] 973.048." Sec. 301.45(1m)(b). We reject Young's suggestion that requiring a defendant to file a second motion seeking application of the underage sexual activity exception is somehow objectionable; it is certainly not inconsistent with the statutory scheme as written.

---

[8] In addition, we acknowledge that our interpretation of the relevant statutes will create a difference in how sex offender registration will be ordered between the settings of an imposed and stayed sentence (where the circuit court has already sentenced the defendant) and a pure probation order. Under the former, if the stay is lifted, there is no statutory requirement for the court to revisit the sex offender registration requirement, insomuch as there is not a subsequent "sentencing." We perceive no inherently problematic incongruity in the differences between these two settings, as there are several other important differences and considerations for a court when it opts to order either probation or an imposed and stayed sentence.

*By the Court.*—Order reversed and cause remanded for further proceedings.

Recommended for publication in the official reports.