STATE of Wisconsin, Plaintiff-Respondent,

v.

Willie H. JACKSON, Defendant-Appellant.

Court of Appeals

*No. 2010AP2689–CR. Submitted on briefs May 11, 2011.
—Decided June 21, 2012.*

2012 WI App 76

(Also reported in 819 N.W.2d 288.)

603

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Paul G. LaZotte*, state public defender, of Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Gregory M. Weber*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Vergeront, Higginbotham and Blanchard, JJ.

¶ 1. HIGGINBOTHAM, J. Willie H. Jackson appeals a second-amended judgment and an order of the circuit court requiring Jackson to comply with the sex-offender reporting requirements, pursuant to Wis. Stat. § 973.048(1m) (2003–04).[1] Section 973.048(1m) authorizes the circuit court to require that a person convicted of specified crimes, including crimes enumer-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

ated in WIS. STAT. ch. 940, register as a sex offender "if the court determines that the underlying conduct was sexually motivated as defined in s. 980.01(5)" and if registration would be in the interest of public protection. Jackson was convicted based on no contest pleas to charges of false imprisonment, intimidation of a witness, and battery-domestic abuse, all of which are crimes enumerated in ch. 940 and therefore fall within the category of crimes specified under § 973.048(1m), for an incident that occurred on November 19, 2005, involving a woman with whom he was then living. Jackson argues that the court erred when it determined that the conduct underlying his ch. 940 convictions was sexually motivated. For the reasons set forth below, we agree and reverse and remand for the circuit court to amend the judgment of conviction removing sex-offender registration as a requirement.

## BACKGROUND

¶ 2. The State filed an information charging Jackson with seven crimes, five of which allegedly occurred on November 19, 2005, and two that allegedly occurred on November 22, 2005. Pursuant to a plea agreement, Jackson pled no contest to four of the five charged offenses that allegedly occurred on November 19, including: intimidation of a witness (contrary to WIS. STAT. § 940.45(1)), false imprisonment (contrary to WIS. STAT. § 940.30), battery-domestic abuse (contrary to WIS. STAT. §§ 940.19(1), 968.075), and taking and operating a motor vehicle without the owner's consent (contrary to WIS. STAT. § 943.23(2)), all as a repeat offender. One count of robbery was dismissed and read-in for sentencing purposes. In addition, as part of the plea agreement, the two charges related to the events that occurred on November 22, 2005, were dismissed and read-in for sentencing

purposes, including second-degree sexual assault (contrary to Wis. Stat. § 940.225(a)(1)) and battery-domestic abuse (contrary to §§ 940.19(1), 968.075), all as a repeat offender. All of the charges related to the same victim. Jackson agreed that the court could use the complaint, information and evidence presented at the preliminary hearing as a factual basis for the no-contest pleas.

¶ 3. The court accepted the pleas and ordered a presentence investigation report (PSI). The PSI writer did not recommend sex-offender registration and the State did not ask the court at the sentencing hearing to order Jackson to register as a sex offender. The circuit court did not discuss whether it was appropriate to order Jackson to register as a sex offender during sentencing, and the court did not impose sex-offender registration as a condition of extended supervision. The judgment of conviction[2] did not include the requirement that Jackson register as a sex offender. The court sentenced Jackson to a total of four years of confinement and four years of extended supervision in a combination of consecutive and concurrent sentences.

¶ 4. After Jackson had completed the confinement portion of his sentence, the Department of Corrections, through its Division of Probation and Parole, requested that the circuit court conduct a sentence review hearing to determine whether Jackson should be required to register as a sex offender pursuant to Wis. Stat. §§ 973.048(1m) and 301.45. The circuit court granted the department's request. At the review hearing, the State argued, among other things, that the conduct underlying the convictions must be considered sexually motivated because only a few hours after

_____

[2] The original March 31, 2006 judgment of conviction was amended on May 10, 2006, to correct a clerical error only.

Jackson had tied up his victim on November 22, 2005, he forced her to have oral, vaginal, and anal sex. The State also argued that Jackson's conduct fell within the humiliation element of the statute. In making this argument, the State incorrectly relied on the recently amended WIS. STAT. § 980.01(5) (2009–10). Unlike the amended statute, § 980.01(5) (2003–04), the statute in effect at the time Jackson committed and was convicted of the subject crimes, did not include the newly added element: "for the sexual humiliation or degradation" of the victim. We therefore discuss only the 2003–04 version of the statute. *See infra* ¶ 10.

¶ 5. The court granted the State's motion. It then amended the judgment of conviction, and ordered Jackson to register as a sex offender pursuant to WIS. STAT. § 973.048(1m).

¶ 6. Jackson sought postconviction relief from the amended judgment. The circuit court denied the motion, explaining:

> It was a relationship of violence between these two individuals and that the 940 offenses that took place technically on the 19th of the month and the sexual assault which was dismissed and read-in on the 22nd of the month was part of an ongoing incident.

> And it was really part and parcel of the relationship that Mr. Jackson had with the victim in the case, one of violence and one of control, one of intimidation, and certainly what occurred on the 19th provided the groundwork, if you will.

> . . . .

> And as I indicated at the time that the Court ordered that it was sexually motivated offenses, that you can't put blinders on, you can't put walls up

between what occurred on the 19th and what occurred on the 22nd, and it laid the groundwork for what did occur on the 22nd.

And in the Court's judgment, the intimidation of the victim, the false imprisonment of the victim was sexually motivated.

It resulted in a sexual assault that involved violence, intimidation, and aspects of false imprisonment, as well.

Jackson appeals. Additional facts, as necessary, are set forth in the discussion section.

## DISCUSSION

■■■■■

¶ 7. The issue on appeal is whether, under the facts of this case, it was proper for the circuit court to order Jackson to register as a sex offender for the crimes for which he was convicted—false imprisonment, intimidation of a witness, and battery-domestic abuse—all of which were committed on November 19, 2005. These crimes fall within the enumerated offenses for which a court may order sex-offender registration in the exercise of its sentencing discretion. *See* WIS. STAT. § 973.048(1m). We review a circuit court's sentencing decision for an erroneous exercise of discretion, *State v. Gallion*, 2004 WI 42, ¶ 17, 270 Wis. 2d 535, 678 N.W.2d 197, but a discretionary decision based on an error of law is an erroneous exercise of discretion. *State v. Martel*, 2003 WI 70, ¶ 8, 262 Wis. 2d 483, 664 N.W.2d 69. In this case, whether the circuit court properly exercised its discretion in ordering sex-offender registration depends upon the correct interpretation of § 973.048(1m) and WIS. STAT. § 980.01(5) and their

application to undisputed facts. This presents a question of law, which we review de novo. *See Martel*, 262 Wis. 2d 483, ¶ 8.

¶ 8. When interpreting a statute, we begin with the statutory language. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we ordinarily stop the inquiry and apply that meaning. *Id.* We interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.* (citation omitted).

¶ 9. We begin our analysis with Wis. Stat. § 973.048(1m)(a), which states:

> Except as provided in sub. (2m), if a court imposes a sentence or places a person on probation for any violation, or for the solicitation, conspiracy, or attempt to commit any violation, under ch. 940, 944, or 948 or s. 942.08 or 942.09, or ss. 943.01 to 943.15, the court may require the person to comply with the reporting requirements under s. 301.45 if the court determines that the underlying conduct was sexually motivated, as defined in s. 980.01(5), and that it would be in the interest of public protection to have the person report under s. 301.45.

As we see from the statutory language, subsection 973.048(1m)(a) confers discretion upon the circuit court to require sex-offender registration for "certain non-sex crimes" if: (1) "the court determines that the

609

underlying conduct was sexually motivated," and (2) "that it would be in the interest of public protection to have the person report under [Wis. STAT. §] 301.45." *Martel*, 262 Wis. 2d 483, ¶ 17 (quoting § 973.048(1m)).

¶ 10. WISCONSIN STAT. § 980.01(5) defines "sexually motivated" as meaning "that one of the purposes for an act is for the actor's sexual arousal or gratification." Thus, under this statute, an act for which a defendant is sentenced or placed on probation must be for the purpose of either sexual arousal or the defendant's sexual gratification. We further see from the statutory language that the phrase "one of the purposes" indicates that there may be other motivations to commit the charged offense. "Purpose" is undefined in the statutory scheme. The common meaning of "purpose" is "[t]he object toward which one strives or for which something exists: GOAL." WEBSTER'S II NEW COLLEGE DICTIONARY, 900 (1999).

*Applying Wis. STAT. § 980.01(5) to the Undisputed Facts*

¶ 11. On appeal, Jackson contends that the circuit court erred in requiring him to register as a sex offender because, in his view, his conduct underlying his three Wis. STAT. ch. 940 convictions, which occurred on November 19, was not sexually motivated within the meaning of Wis. STAT. § 980.01(5). In support, Jackson refers to the factual allegations set forth in the criminal complaint filed against him and argues that the complaint "contains nothing indicating that the conduct underlying the crimes committed on [November 19, 2005] was sexually motivated." He also points to statements by the victim provided in the complaint, which do not indicate Jackson engaged in any actions of a sexual nature on November 19 or that Jackson said anything to the victim with "sexual overtones." Jackson

610

also refers to the victim's testimony at the preliminary hearing in this case, which, according to Jackson, essentially mirrored her description of the events that took place on November 19 as set forth in the criminal complaint. Jackson argues that the record contains no facts from which a determination could reasonably be made that his conduct underlying the November 19 ch. 940 crimes was sexually motivated, within the statutory meaning. Accordingly, he argues, Wis. Stat. § 973.048(1m) "provided the circuit court no authority to require [him] to comply with" the sex-offender reporting requirement of Wis. Stat. § 301.45.

¶ 12. In response, the State contends that the circuit court properly determined that Jackson's conduct on November 19, 2005, fell within the statutory meaning of "sexually motivated." In support, the State also relies on the factual allegations provided in the criminal complaint.[3] In addition, the State argues the circuit court properly relied on the description of the read-in offenses that occurred three days later, on November 22, which included allegations of a brutal sexual assault of the victim. According to the State, the court could have also reasonably relied on Jackson's

[3] On appeal, the State relies on four facts taken from the criminal complaint in support of its contention that the circuit court properly concluded that Jackson's underlying conduct on November 19, 2005, was sexually motivated: (1) Jackson and the victim lived together as boyfriend and girlfriend; (2) on November 19, 2005, the victim returned to their shared residence with two male companions; (3) Jackson confronted her and accused her of "seeing another guy," beat her in various parts of her body, bound her at the hands and ankles with a stereo cord and gagged her with a bandana; and (4) the victim escaped when Jackson left their home temporarily to return the victim's two companions to their residence.

criminal and social history, which was provided in a sex offender assessment report prepared by the Department of Corrections, and information detailed in the PSI report prepared for Jackson's original sentencing about Jackson's escalating history of domestic violence and his failures on probation.

¶ 13. For the reasons that we explain below, we conclude, as a matter of law, that the facts of record concerning the circumstances related to the incident that occurred on November 19, 2005, and for which he was convicted—false imprisonment, intimidation of a witness, and battery-domestic abuse—do not indicate that Jackson's conduct was, in part, sexually motivated, within the meaning of WIS. STAT. § 980.01(5).

¶ 14. We begin by considering the circuit court's decision requiring Jackson to register as a sex offender under WIS. STAT. § 973.048(1m). In reaching its decision, the circuit court relied primarily on the PSI report and the factual allegations contained in the criminal complaint. More particularly, the court took into consideration the extent and the nature of Jackson's violent conduct toward the victim on November 19, 2005, which the criminal complaint and the PSI discuss in great detail. The court focused on these facts: after the victim returned home, Jackson kicked her in her buttocks, grabbed a broom and struck the victim in the leg, causing a large contusion; the victim reported Jackson struck her with three plastic hangers, causing one hanger to break; and Jackson struck the victim numerous times with a sword scabbard, causing multiple contusions on her legs and arms.

¶ 15. The court also considered the second-degree sexual assault charge, which occurred on November 22, 2005. As noted above, this charge was dismissed and

read in for sentencing purposes. The court acknowledged the supreme court's ruling in *State v. Martel*, that read-in offenses may not be part of a circuit court's consideration in determining whether to require a defendant to register as a sex offender under WIS. STAT. § 973.048(1m). *Martel*, 262 Wis. 2d 483, ¶¶ 21–22. In rejecting Jackson's argument that *Martel* bars the court from considering the sexual assault read-in, the court distinguished the facts in *Martel* from the instant case, noting that in *Martel* the underlying charge was felony bail jumping, which is not a qualifying charge because it is not one of the enumerated offenses under WIS. STAT. ch. 940. Here, however, the court noted, the false imprisonment charge is a qualifying offense under ch. 940 and therefore the court believed it was appropriate to consider the sexual assault read-in here in determining whether to require Jackson to register as a sex offender.

¶ 16. The court also considered the protection of the public purpose of the sex-offender registration statute, and concluded that requiring Jackson to register as a sex offender would serve to protect the public. Based on the above factors, the court concluded that the false imprisonment offense was sexually motivated within the meaning of WIS. STAT. § 980.01(5) and ordered Jackson to register as a sex offender.

¶ 17. Shortly thereafter, Jackson filed a postconviction motion arguing that the court erred in determining that the facts of his underlying conduct on November 19, 2005, were sexually motivated within the meaning of WIS. STAT. § 980.01(5). The court considered oral arguments on the motion at a hearing held in September 2010 and denied Jackson's motion. In denying Jackson's motion, the court relied on its rationale in granting the State's motion seeking a court order re-

quiring Jackson to register as a sex offender. The court also found that the incidents that occurred on November 19 and 22, 2005, were "a continuing or ongoing event, albeit separated by three days." The court further elaborated on its rationale by saying the following.

> It was a relationship of violence between [Jackson and the victim] and . . . the 940 offenses that took place technically on the 19th of the month and the sexual assault which was dismissed and read-in on the 22nd of the month were part of an ongoing incident.
>
> And it was really part and parcel of the relationship that Mr. Jackson had with the victim in this case, one of violence and one of control, one of intimidation, and certainly what occurred on the 19th provided the groundwork, if you will.

¶ 18. We conclude that the facts considered by the circuit court do not, as a matter of law, support the conclusion that Jackson's underlying conduct on November 19, 2005, was sexually motivated within the meaning of WIS. STAT. § 980.01(5).

¶ 19. We first consider the facts set forth in the criminal complaint. The pertinent part of the complaint states:

> [The victim] stated that she has been living with Jackson at [a specified address] for approximately 2–3 months and they have been boyfriend and girlfriend for approximately 4–5 months. [She] stated that the incident started on November 19, 2005, when she came home after being gone several days after a previous verbal altercation, possibly November 15, 2005. [The victim] stated she had returned to the residence with two [male] friends . . . . [She] stated when they went into the residence, Jackson became upset with her and accused her of seeing another guy. [She] reported

Jackson asked the two males to wait in the car. [The victim] stated Jackson then began yelling at her and hit her in the face, twice in the left cheek. This caused an injury to the inside of her mouth. [She] stated that Jackson then hit her in the ribs and back, causing pain and bruising.

[The victim] stated she tried to leave, but Jackson used a yellow stereo cord to tie her hands behind her back and then to tie her ankles together. [She] reported that when someone began knocking at the door, he pushed a light blue bandana into her mouth to prevent her from screaming for help. [She] stated Jackson then left the residence to take the two males home and left [her] in the residence. [The victim] stated when Jackson left the residence, she was able to get out of the wires that were tying her wrists and ankles, tearing the wire apart in the process. [She] stated she called [a friend] to come and get her and he picked her up and took her to a friend's house.

¶ 20. We see nothing in the criminal complaint relating to the events of November 19 suggesting that Jackson's conduct was sexually motivated. There is no mention of Jackson touching or attempting to touch the victim in a sexual manner and the complaint does not reveal any statements from Jackson while the crimes were being committed suggesting that his criminal conduct was sexually motivated.

¶ 21. The State argues that the circuit court reasonably considered the facts and circumstances surrounding the read-in offenses from the November 22, 2005 incident, specifically the alleged sexual assault, in determining whether the false imprisonment and battery that occurred on November 19 were sexually motivated. The State takes the position that the alleged "brutal sexual assault" Jackson committed against the victim on November 22 supports the conclusion that

Jackson falsely imprisoned the victim on November 19 for his own sexual arousal or gratification. We disagree.

¶ 22. We conclude that the circuit court and the State misread the supreme court's holding in *Martel*. As we indicated, the circuit court here reasoned that *Martel*'s holding that a read-in offense may not be relied on in requiring a defendant to register as a sex offender pursuant to Wis. Stat. § 973.048(1m) did not bar the court from considering the second-degree sexual assault read-in charge in this case. As we explained, the court distinguished the facts in *Martel* from this case, noting that the underlying charge in *Martel* was not a Wis. Stat. ch. 940 offense, but that here false imprisonment is so.

¶ 23. We do not read the supreme court in *Martel*, however, as relying on the fact that the defendant's conviction there was for a non-Wis. Stat. ch. 940 offense when it determined that a read-in offense cannot serve as a basis to order a defendant to register as a sex offender under Wis. Stat. § 973.048. We discuss *Martel* in detail below.

¶ 24. The issue in *Martel* was "whether a circuit court may order sex-offender registration as a condition of probation for a defendant who has not been convicted and sentenced for one of the crimes enumerated in the sex-offender registration statutes or its counterpart in the sentencing code, Wis. Stat. §§ 301.45 and 973.048 (2001–2002), respectively." *Martel*, 262 Wis. 2d 483, ¶ 1 (footnote omitted). The defendant in *Martel* pled no contest to bail jumping, and six counts of sexual assault of a child under sixteen were dismissed and read in. *Id.*, ¶¶ 4–5. The court withheld sentence, placed Martel on probation and ordered sex-offender registration as a condition of probation. *Id.*, ¶ 6. On certification from the court of appeals, the supreme court concluded that

because "[b]ail jumping is not one of the offenses enumerated in either subsection (1m) or (2m) of Wis. Stat. § 973.048," the circuit court could not require Martel to register as a sex offender. *Id.*, ¶ 18.

¶ 25. The supreme court then turned to the State's argument that the six counts of sexual assault of a child that were dismissed and read in were sufficient to require Martel to register as a sex offender under Wis. Stat. § 973.048. *Id.*, ¶ 19. The court rejected the State's argument based on the following rationale.

¶ 26. The supreme court began by observing that "offenses that are dismissed and read in are admitted by the defendant for purposes of consideration at sentencing on the crime or crimes for which the defendant is convicted." *Id.*, ¶ 21 (summarizing a quotation from *State v. Austin*, 49 Wis. 2d 727, 732, 183 N.W.2d 56 (1971)). The court went on to observe that a defendant is not sentenced for read-in offenses because a defendant is not convicted of a read-in offense. *Id.* Applying this understanding of the nature of read-in offenses, the supreme court observed that Martel had not been convicted and sentenced of any of the offenses enumerated in Wis. Stat. § 973.048(1m) or (2m), and that these subsections apply only when "a court imposes a sentence or places a person on probation" for any of the statutorily-enumerated offenses. The court concluded that because "[a] circuit court does not impose a sentence or place an offender on probation for offenses that are dismissed and read in . . . the sexual assault read-ins do not bring this case within the terms of Wis. Stat. § 973.048." *Id.*, ¶ 22.

■

¶ 27. We take two important lessons from *Martel* that are helpful in addressing the circuit court's and the State's rationale for considering the second-degree

sexual assault read-in in determining whether sex-offender registration was properly ordered here. First, WIS. STAT. § 973.048(1m) applies only to offenses that are enumerated within the subsection. Clearly, false imprisonment falls within this category of offenses. However, a circuit court may exercise its discretion in ordering sex-offender registration for false imprisonment only if the two statutory criteria are met: (1) the offense must have been sexually motivated, within the meaning of WIS. STAT. § 980.01(5); and (2) registration is necessary for protection of the public.

¶ 28. The second and most pertinent lesson we take from *Martel* is that a read-in offense, including sexual assault read-ins, may not serve as a basis to order a defendant to register as a sex offender under WIS. STAT. § 973.048(1m) or (2m) because a "circuit court does not impose a sentence or place an offender on probation for offenses that are dismissed and read in." *Martel*, 262 Wis. 2d 483, ¶ 22.

¶ 29. Applying this second holding in *Martel* to this case, we conclude that the circuit court erroneously exercised its discretion by relying in part on the second-degree sexual assault read-in as a basis for ordering Jackson to register as a sex offender pursuant to WIS. STAT. § 973.048(1m). As we explained, the record is devoid of any facts that support the inference that the crimes Jackson committed on November 19, 2005, were for the purpose of sexual gratification or arousal. Thus, the only facts that could conceivably support ordering Jackson to register as a sex offender are those facts surrounding the sexual assault that occurred three days later. And since *Martel* holds that a read-in offense cannot serve as a basis for ordering sex-offender regis-tration, it follows that the court erred by relying on the

sexual assault read-in as a basis for requiring Jackson to register as a sex offender.

¶ 30. There is an additional reason for not considering the sexual assault that occurred on November 22, 2005, in determining whether Jackson's conduct on November 19, 2005, was sexually motivated. As we indicated, the circuit court found, and the State argues on appeal, that the incidents that occurred on these two days were "a continuing or ongoing event," although "separated by three days." We find no support in the record for this finding.

¶ 31. Based on our review of the record, as we indicated, we do not discern from the facts surrounding the November 19, 2005 incident that Jackson's criminal conduct on that day was sexually motivated. So far as the record reflects, the next reported incident occurred on November 22, 2005. The flaw in the court's determination that the November 19 and November 22 crimes were "part of any ongoing incident" is that the record does not indicate that Jackson engaged in any violence directed toward the victim during the intervening three days, nor that any statement or activity of Jackson on November 22 reveals his criminal conduct on November 19 to have been sexually motivated. The record shows it is not until November 22, 2005, that Jackson engages in a sexually motivated crime. Under these facts, it is unreasonable to conclude that the crimes committed by Jackson on November 22 were a continuation of the crimes he committed against the victim on November 19 in the sense that it was all one set of crimes that were at least in part sexually motivated. Thus, it was unreasonable for the circuit court to rely on the crimes Jackson committed on November 22 in determining whether it was proper to order sex-offender registration.

619

¶ 32. As for the circuit court's formulation that the crimes Jackson committed on November 19 "laid the groundwork for" the crimes of November 22, this may be true in the sense that Jackson's violence toward the victim on November 19 could be said to be part of a pattern of violence against the same person that resumed on November 22. However, as we explain above, it was not until November 22 that the first evidence of sexual motivation appears, and therefore it cannot reasonably be said that there was a pattern of *sexual* violence, as opposed to physically abusive violence, that extends back to November 19.

¶ 33. The State next points to information provided in the sex-offender assessment report prepared by the Department of Corrections, in preparation for the sentence review hearing the department requested, as additional support for the court's decision that the November 19 crimes were sexually motivated. Specifically, the State refers to that part of the report indicating that Jackson was convicted of fourth-degree sexual assault in connection with his impregnating a twelve-year-old girl when he was eighteen years old. The State also points to information in the sex assessment report that Jackson may have sexually assaulted other juveniles while Jackson was in a juvenile correctional facility. In identifying these incidents as potential grounds for the court to order Jackson to register as a sex offender, the State merely cites to this information and fails to develop any argument as to why this information supports the court's decision. We therefore do not consider this information.

¶ 34. Finally, the State relies on the PSI as supporting the circuit court's conclusion that Jackson's conduct on November 19 was sexually motivated. Specifically, the State, in conclusory fashion, refers to

observations made in the report regarding Jackson's escalating history of domestic violence, his prior failures while on supervision, "and the serious risk he posed to the community." This argument is not fully developed. Moreover, if anything, the PSI supports the view that Jackson's conduct on November 19 was more consistent with his long history of violence, which the PSI writer did not discuss as being sexually motivated. Stated differently, although it is reported in the PSI that Jackson is known to have a history of physically abusing women, the PSI contains no information or even an opinion that Jackson's propensity for violence toward women in general is sexually motivated.[4]

## CONCLUSION

¶ 35. For the foregoing reasons, we conclude that the circuit court erred as a matter of law in concluding that Jackson's underlying conduct on November 19, 2005, for which he was convicted, false imprisonment, intimidation of a witness, and battery-domestic abuse, was in part sexually motivated.[5] Accordingly, we conclude the circuit court erroneously exercised its discre-

---

[4] In concluding that the record in this case does not support a determination that the crimes Jackson committed on November 19, 2005, were sexually motivated, we do not intend to discount the relationship between domestic abuse and sexual abuse. Rather, as we have explained, we reach that determination based on the record before us.

[5] Because we conclude the facts regarding Jackson's underlying conduct do not support the circuit court's conclusion that the crimes Jackson committed against the victim on November 19, 2005, were sexually motivated, we do not address whether the court properly determined that requiring Jackson to register as a sex offender is in the interest of public protection, pursuant to WIS. STAT. § 973.048(1m).

tion in requiring Jackson to register as a sex offender pursuant to Wis. Stat. § 973.048(1m). We therefore reverse the circuit court's order and remand with directions to amend the judgment of conviction by removing the requirement that Jackson register as a sex offender.

*By the Court.*—Judgment and order reversed and cause remanded with directions.