COURT OF APPEALS
DECISION
DATED AND FILED

October 9, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.     2018AP1578-CR**

Cir. Ct. No.  2015CF13

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

---

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

GENEVIEVE S. THORNBERRY,

  DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Walworth County:  DAVID M. REDDY and PHILLIP A. KOSS, Judges. *Reversed and cause remanded with directions*.

Before Neubauer, C.J., Reilly, P.J., and Gundrum, J.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1 PER CURIAM. Genevieve S. Thornberry appeals an amended judgment convicting her of causing mental harm to a child, contrary to WIS. STAT. § 948.04(1) (2017-18),[1] to the extent that it ordered her to register as a sex offender under WIS. STAT. § 301.45. The amended judgment resulted from a hearing the circuit court sua sponte called post-sentencing at which it ordered the sex-offender registration. She also appeals the order denying her postconviction motion that challenged the court's authority to recall the case on its own.

¶2 We agree that it would have been within the court's discretion at the initial sentencing to order sex-offender registration, even though the State did not request it. Ordering registration later upon its own initiative, however, strikes us as impermissible sentence-modification upon "reflection by the court." We reverse and remand the matter to the circuit court with instructions to enter an amended judgment of conviction that does not require Thornberry to register as a sex offender.

¶3 The thirteen-year-old daughter of a friend of Thornberry's reported that Thornberry groped her breast and performed oral sex on her.[2] The State charged Thornberry with one count of sexual assault of a child under sixteen; an amended information added a second count, causing mental harm to a child. Pursuant to a plea agreement, Thornberry pled guilty to the second count. The sexual-assault charge and a charge of capturing an image of nudity in another case

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless noted

[2] Thornberry said many neighborhood kids congregated at her home, as she had an "open-door policy" and planned outdoor events for them, such as throwing barbecues at her expense. Thornberry also said she had grown "close" to the victim, who spent a lot of time at the Thornberry house because she had problems with her mother.

were dismissed and read in. Thornberry also pled guilty to three counts of misdemeanor disorderly conduct from a third case.

¶4    The presentence investigation report (PSI) recommended as conditions of extended supervision (ES) that Thornberry "attend, participate, and complete all assessments, evaluations, and treatment including but not limited to sex offender treatment, [and] no contact with minors without agent approval." In a separate paragraph, the PSI recommended sex-offender registration for the term of ES and for fifteen years after completing ES. The written plea agreement attached to the plea questionnaire made no mention of sex-offender registration.

¶5    At sentencing, the subject of sex-offender registration was not raised. The State did not ask the court to order that Thornberry register and defense counsel said only generally that he believed the conditions of ES as indicated in the PSI were appropriate. The court sentenced Thornberry to the agreed-upon three and one-half years' initial confinement (IC) and five years' ES but did not refer to registration in any fashion.

¶6    Six weeks later, the court issued on its own initiative a notice of hearing for the purpose of "Argument as to Sex Offender Registration." Neither of the parties had moved the court to decide whether Thornberry should be required to register as a sex offender. At the start of the hearing, the court said it put the matter on for hearing because neither it nor the parties had "indicate[d] the length of time for sex offense registration." The court observed that, as the PSI had recommended sex-offender registration, and defense counsel stated at the sentencing hearing that he thought the conditions stated in the PSI were appropriate, it thought the only matter at issue was for how long, not whether it would be ordered. This discussion ensued, with emphasis added:

3

THE COURT: Good morning. So the reason I asked this matter be put on for hearing was that when the defendant was sentenced, we did not indicate the length of time for sex offender registration.

I see the thread of e-mails that was sent, and at one point Ms. Johnson [deputy district attorney] agreed; she agreed with 15 years. And then Mr. Duquette [defense counsel], you responded that your client does not agree with registration. However, I noted in the plea agreement, that there was an agreement to register as a sex offender. I am looking at the sheet you submitted to the court, as well as—

THE CLERK: Those were my notes.

THE COURT: No, I am talking about—

(Off the record discussion in whisper tones by the clerk.)

THE COURT: You typed this?

THE CLERK: Yes.

THE COURT: *Then I am mistaken*. But from looking at the minutes, too, I thought there was agreement that conditions of ES would be those set forth in the PSI. And the PSI recommended sex offender registration. So I am confused where we're at, in terms of your comments, Mr. Duquette, about not even registering as a sex offender, because I thought the only issue was the length of time.

MR. DUQUETTE: I think that's essentially an oversight, that portion. When I—typically in cases where we're only arguing time, I will say we agree to all the other conditions because, frankly, they're pretty standard; the counseling and the prohibitions. And this conviction [mental harm to a child] not being a sex offense is, it wasn't something that the parties had specifically talked about, and something I never talked to my client about either. So when I went to talk to her at the jail, when this question came up, it was essentially a surprise to her that we were even discussing that. So it's not something that was understood.

I agree it's in the PSI, but it seems to be more of a— well, a—an opinion; not necessarily a condition of probation. They can make her do any treatment or counseling, sex offender type counseling while on the supervision portion, but that's 15 years … after supervision

4

is over. It wouldn't be a condition of supervision anymore. So—

THE COURT: So let me clarify, then. Was there an agreement that all of the recommendations from the PSI would be adopted as conditions of extended supervision? Whether or not there was an oversight on that issue, was that the agreement?

MR. DUQUETTE: Honestly don't recall, Your Honor.

THE COURT: Ms. Johnson—

MR. DUQUETTE: We—

THE COURT:—do you recall?

MS. JOHNSON: I know my notes say from the hearings that we had that the conditions of the PSI were adopted. I know in conversation with Attorney Duquette, we discussed the length of prison at some length. *And I know that we had never discussed sex offender registration.*

THE COURT: *So it's not clear whether that was part of the recommendation.*

MS. JOHNSON: *I think that's fair to say; it wasn't clearly a part of it.*

The e-mail thread, the clerk's notes, and the minutes are not found in the record.

¶7 Defense counsel urged the court not to order registration. He argued that he took the PSI mention of registration to be only "an opinion," as causing mental harm to a child is not a sex offense, *see* WIS. STAT. § 301.45(1d)(b), (1g)(a), so he and Thornberry did not discuss it before she entered her plea; the defense and the State did not discuss sex offender registration; and the court did not mention it. The State acknowledged that the parties had not discussed whether Thornberry should be placed on the registry but nonetheless lobbied in favor of it for a period of fifteen years.

5

¶8      The court found that the underlying conduct leading to the charges was sexually motivated as defined in WIS. STAT. § 980.01(5).[3]   Applying the factors listed in WIS. STAT. § 973.048(3),[4] the court concluded it would be in the interest of public protection to require Thornberry to register, *see* § 973.048(1m)(a), and ordered that she register for fifteen years.

¶9      Thornberry filed a motion for postconviction relief seeking to vacate the registration requirement and to amend the judgment of conviction accordingly. She argued that the circuit court both impermissibly relied on the facts supporting the original sexual-assault-of-a-child charge when it determined that the offense of conviction was sexually motivated, and overstepped its authority by sua sponte ordering after-the-fact registration.   Observing that sex-offender registration "operate[s] outside of conditions of probation," the postconviction court noted that the sentencing court justifiably relied on defense counsel's statement at the sentencing hearing that he believed the conditions as indicated in the PSI were appropriate.[5] The court denied the motion.  Thornberry appeals.

¶10     Thornberry first argues that the circuit court erred in ordering her to register as a sex offender because, in concluding that the underlying conduct in the

---

[3] WISCONSIN STAT. § 980.01(5) defines "sexually motivated" as meaning "that one of the purposes for an act is for the actor's sexual arousal or gratification or for the sexual humiliation or degradation of the victim."

[4] The enumerated factors are the ages of and relationship between the defendant and victim, whether the crime caused the victim bodily harm, whether the victim suffered from a mental illness or deficiency, and the defendant's likelihood of committing future violations. WIS. STAT. § 973.048(3)(a)-(e).  The court also may consider any other factor it deems relevant. Sec. 973.048(3)(g).  There is no § 973.048(3)(f).

[5] The Honorable David M. Reddy presided over the plea and sentencing hearings and the sua sponte hearing to consider sex-offender registration.  The Honorable Phillip A. Koss presided over the postconviction motion hearing.

6

offense of causing mental harm to a child was sexually motivated, it improperly relied on the facts in the criminal complaint supporting the sexual-assault-of-a-child charge, which was dismissed and read in.

¶11     It is within a circuit court's discretion to order a defendant to register as a sex offender if "the underlying conduct was sexually motivated" as defined in WIS. STAT. § 980.01(5), and if the court determines that it would be in the "interest of public protection" for the defendant to register.   WIS. STAT. § 973.048(1m)(a); **State v. Jackson**, 2012 WI App 76, ¶9, 343 Wis. 2d 602, 819 N.W.2d 288.   The issue thus is whether the underlying conduct was sexually motivated and registration would be in the interest of public protection.[6]

¶12     Thornberry points out that none of the elements of causing mental harm to a child relate to sex.[7]   She contends that the allegations in the criminal

---

[6] Thornberry's offense, causing mental harm to a child, is a violation of WIS. STAT. § 948.04(1).   As such, it is one for which registration may be required.   WIS. STAT. § 973.048(1m)(a).   Registration is not mandatory, however, because a violation of § 948.04 is not a "sex offense" under WIS. STAT. § 301.45(1d)(b), (1g)(a).

[7] "Causing mental harm to a child" requires the State to prove five elements:

> 1. The defendant was exercising temporary or permanent control of [the child].
>
> 2. [The child] suffered mental harm.
>
>    ....
>
> 3. The defendant caused mental harm to [the child].   This requires that the defendant's conduct was a substantial factor in producing the mental harm.
>
> 4. The defendant caused mental harm by conduct which demonstrated substantial disregard for the mental wellbeing of [the child].
>
> 5. [The child] had not attained the age of 18 years at the time the alleged harm was caused.

WIS JI—CRIMINAL 2116.

complaint relate only to the original sexual-assault charge and the State never amended the facts in the complaint to sufficiently allege the offense of causing mental harm to a child. She argues that a court may not rely on the facts of a dismissed-and-read-in charge to find sexual motivation for the offense the defendant did enter a plea to, where that offense contains no element of proof that the defendant engaged in sexual acts or was sexually motivated when she committed it. *See **State v. Martel***, 2003 WI 70, ¶¶21-22, 262 Wis. 2d 483, 664 N.W.2d 69 (read-in offenses may not be part of court's consideration in determining whether to require sex offender registration).

¶13     The defense expressly stipulated at the plea hearing that the court could rely upon the facts set forth in the criminal complaint to establish a factual basis for the plea to the offense of causing mental harm to a child. It is irrelevant, therefore, that the State did not amend the complaint to allege new facts pertaining to the causing-mental-harm-to-a-child allegation. The stipulated facts included that thirty-seven-year-old Thornberry groped the thirteen-year-old's breast, then lifted up the girl's legs and, for ten to fifteen seconds, licked her vaginal area, until the girl kicked Thornberry off. The court found that because the offense involved oral sex with a child, the underlying conduct was "clearly sexually motivated." We agree. Thornberry's conduct with a child a third her age who trusted her provided the factual basis for the charge of causing mental harm to a child.

¶14     In assessing whether it would be in the interest of public protection to have Thornberry report under WIS. STAT. § 301.45, the court looked at the WIS. STAT. § 973.048(3)(a)–(g) factors. Weighing in favor of registration was the significant age difference; Thornberry's open-door policy with neighbor children; the close relationship she nurtured with the girl; the likelihood of other violations in the future because the "best prediction of the future is the past"; and, under (g),

8

other relevant factors, Thornberry's failure to accept responsibility increased her risk to the community, and registration would allow the community to be aware of the risk she poses. Defense counsel did not dispute the court's findings or conclusion that registration was in the interest of public protection.

¶15 We do not take issue with the circuit court's rulings that Thornberry's underlying conduct was sexually motivated and that registration would be in the interest of public protection. We nonetheless conclude that the sua sponte recalling of the case post-sentencing does not comport with established law and, thus, was an erroneous exercise of discretion. *Martel*, 262 Wis. 2d 483, ¶8 (discretionary decision based on error of law is erroneous exercise of discretion).

¶16 A sentencing court may modify a sentence after its imposition but may not do so "on 'reflection' alone or simply because it has thought the matter over and has second thoughts. It must base its modification on 'new factors' brought to its attention." *State v. Foellmi*, 57 Wis. 2d 572, 582, 205 N.W.2d 144 (1973) (citation omitted). A circuit court can change a valid, imposed sentence to comport with the court's original intention—but its original intention must appear on the record of the original proceedings. *Scott v. State*, 64 Wis. 2d 54, 59-60, 218 N.W.2d 350 (1974). Amending a sentence so as to conform the sentence to the court's original, but unspoken intent, does not constitute a new factor upon which a circuit court may increase a defendant's sentence. *Id.*

¶17 Here, the record is barren of any indication that the court originally intended to order that Thornberry register as a sex offender but then simply overlooked ordering for how long. Registration was not addressed at sentencing at all. No Wis. Stat. § 973.048(1m)(a) analysis was done in the first instance. By

undertaking it post-sentencing and on its own motion, the court acknowledged its mistaken understanding.

¶18 The court failed to discuss sex-offender registration at sentencing, defense counsel failed to discuss registration with Thornberry due to his belief, correct or not, that registration did not apply to her, and the State failed to request registration at sentencing. On these facts, we conclude that ordering Thornberry to register as a sex offender after she had been sentenced was done on impermissible "reflection." We therefore reverse and remand the matter to the circuit court with instructions to enter an amended judgment of conviction that does not require Thornberry to register as a sex offender.

*By the Court.*—Judgment and order reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.