COURT OF APPEALS
DECISION
DATED AND FILED

May 13, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP857**

STATE OF WISCONSIN

Cir. Ct. No. 2016CI3

IN COURT OF APPEALS
DISTRICT 1

IN RE THE COMMITMENT OF ANTHONY TIPTON:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

ANTHONY TIPTON,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: KORI L. ASHLEY, Judge. *Affirmed.*

Before White, C.J., Donald, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Anthony Tipton appeals the order committing him as a sexually violent person under WIS. STAT. § 980.06 (2023-24).[1] Tipton argues that the State failed to establish that the underlying conviction serving as the basis for the ch. 980 petition was a sexually motivated crime. He further asserts that the circuit court erred in failing to exclude witnesses that were not on the State's pretrial witness list. We affirm.

## BACKGROUND

¶2 In September 1996, Tipton pled guilty to robbery with the use of force. Three additional counts were dismissed as a result of the plea agreement— two counts of second-degree sexual assault and one count of attempted second-degree sexual assault—but were read in for sentencing purposes. Tipton received a ten-year sentence, consecutive to a previous sentence. He had a mandatory release date of September 26, 2016.

¶3 As Tipton's mandatory release date approached, the State filed a petition for an order committing Tipton as a sexually violent person. That matter eventually proceeded to a court trial in December 2021.[2]

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted. Although the petition for Tipton's commitment under WIS. STAT. ch. 980 was filed in September 2016, with the order for commitment ultimately entered in May 2022, we observe that the current relevant provisions of ch. 980 are substantively the same as those in previous versions of the Wisconsin Statutes.

[2] The proceedings in this case were adjourned several times at Tipton's request, and included a delay to wait for a decision from the Wisconsin Supreme Court in a separate WIS. STAT. ch. 980 case where the court was reviewing an issue the parties believed could affect these proceedings.

¶4 At the trial, the State was required to prove several elements for commitment, including that Tipton had been convicted of a sexually violent offense. *See* WIS. STAT. § 980.02(2). To that end, the State attempted to elicit testimony from Tipton's parole agent regarding the sexual assault charges that were charged in the 1996 criminal complaint but dismissed and read in. Tipton objected to this testimony, arguing that it would be inadmissible hearsay to allow Tipton's parole agent to testify regarding those sexual assault allegations, and would violate his right to confrontation.

¶5 The circuit court agreed. It noted the length of time that had passed since the 1996 charges were filed—twenty-five years, at the time of the court trial—and determined that the allegations were "no longer sufficiently reliable" to allow the parole agent to testify that they were true simply because they were contained in the complaint. However, the court also cautioned the defense to "be careful what you wish for," noting that witnesses could provide further information about the allegations in addition to what was set forth in the complaint. The court then adjourned the trial for approximately three weeks, to allow the State time to locate witnesses relating to the 1996 offense.

¶6 A week before the continued trial date, the State filed an amended witness list. The additional witnesses included the victim from the 1996 incident, J.R., and Tipton's ex-wife, Margretta Ellis. Tipton moved to exclude these additional witnesses on grounds that they had not been disclosed prior to trial, as required under WIS. STAT. § 980.036(2). However, the circuit court found that the State had complied with the continuing duty to provide discovery under § 980.036(8). It further stated that, under the circumstances, the State had shown good cause for not initially including those witnesses in its witness list submitted pretrial. The court therefore allowed the witnesses.

3

¶7      J.R. testified about the 1996 incident with Tipton.  She stated that Tipton had picked her up from a bus stop and offered her a ride in exchange for the cost of her bus fare.  However, Tipton instead pulled his car into an alley, threatened J.R., and forced her to perform oral sex.  He attempted to have penis-to-vagina intercourse with J.R., but he could not maintain an erection.  He then forced her to perform oral sex again; he did not ejaculate, but instead urinated into her mouth.  He then forced J.R. to remove her clothing, including a black leather jacket, forced her out of the car, and told her she should "consider herself robbed."

¶8      Ellis also testified regarding the night of the incident with J.R.  Ellis stated that Tipton brought home a black leather jacket that night, which he said he had bought for Ellis.  He later told Ellis that he had taken it from a prostitute, stating "I made her suck my dick, and I didn't come; so I took her coat."

¶9      Additionally, the State called Tipton's parole agent, who testified regarding Tipton's criminal history.  In particular, the agent stated that Tipton's parole was revoked after a 2007 incident of unwanted sexual contact with a different victim.  The State also called two doctors who had evaluated Tipton regarding the criteria for commitment as a sexually violent person.  Tipton called his own expert to rebut that testimony.

¶10 The circuit court found that Tipton met the criteria for ch. 980 commitment. It therefore granted the State's petition for Tipton's commitment, entering the order on May 6, 2022. This appeal follows.[3]

## DISCUSSION

### I. Sufficiency of the Evidence

¶11 To commit a person under WIS. STAT. ch. 980, the State must establish that (1) the person was convicted of a sexually violent offense; (2) the person has a mental disorder; and (3) the mental disorder makes it likely that the person will engage in acts of sexual violence. WIS. STAT. § 980.02(2). The State must prove these criteria beyond a reasonable doubt. WIS. STAT. § 980.05(3)(a).

¶12 Tipton's argument on appeal focuses on the first element, the requirement of a conviction for a sexually violent offense. Tipton argues that the evidence is not sufficient to support the circuit court's finding that his 1996 robbery conviction was a sexually violent offense. Our standard for reviewing the evidence in WIS. STAT. ch. 980 commitments is the same as that for criminal convictions. **State v. Curiel**, 227 Wis. 2d 389, 417, 597 N.W.2d 697 (1999). That is, we review whether "the evidence, when viewed most favorably to the [S]tate and the commitment, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found the

---

[3] We note that, according to electronic docket entries, Tipton filed a petition for discharge with the circuit court while briefing for this appeal was in progress. That petition was granted, with no objection from the State, on November 11, 2024. However, the parties represent that Tipton remains subject to GPS monitoring, a collateral consequence of his commitment, and assert that this matter is thus not moot, despite Tipton's discharge. *See* **Marathon Cnty. v. D.K.**, 2020 WI 8, ¶23, 390 Wis. 2d 50, 937 N.W.2d 901. We therefore decide this appeal on the merits.

person sexually violent beyond a reasonable doubt[.]" ***State v. Stephenson***, 2020 WI 92, ¶30, 394 Wis. 2d 703, 951 N.W.2d 819 (citation and some bracketing omitted).

¶13    Under WIS. STAT. ch. 980, Tipton's robbery conviction may be considered a sexually violent offense if it is "determined … to have been sexually motivated." WIS. STAT. § 980.01(6)(b). For a crime to be "sexually motivated" it must be established that "one of the purposes for an act is for the actor's sexual arousal or gratification or for the sexual humiliation or degradation of the victim." WIS. STAT. § 980.01(5).

¶14    Upon review of the record, we conclude that the robbery offense was sexually motivated. Based on J.R.'s statement to police at the time of the robbery, as well as her testimony at the commitment trial, Tipton's acts during the incident—forcing J.R. to perform oral sex and urinating in her mouth—were for purposes of both his own sexual gratification and the sexual humiliation of J.R. *Cf.* ***State v. Jackson***, 2012 WI App 76, ¶29, 343 Wis. 2d 602, 819 N.W.2d 288 (concluding that the circuit court had erroneously exercised its discretion by relying on a read-in sexual assault charge as a basis for requiring the defendant to register as a sex offender because "the record is devoid of any facts that support the inference that the crimes [the defendant] committed … were for the purpose of sexual gratification or arousal"). Furthermore, Tipton admitted to Ellis that he stole J.R.'s leather jacket as a result of his sexual frustration due to his failure to ejaculate. *See* ***id.***

¶15    Nevertheless, Tipton points out that the circuit court, in its written decision, remarked that the robbery "was almost an afterthought," and argues that this comment conflicts with the court's finding that the purpose of the robbery was

sexual gratification or degradation. However, the court's comment does not dispel the sexual motivation underlying the robbery described in the record, including the sexual humiliation and degradation suffered by J.R. when Tipton stole her clothing after assaulting her. *See id.* Therefore, the evidence is sufficient to support the circuit court's finding that Tipton's 1996 robbery conviction was a sexually violent offense. *See Stephenson*, 394 Wis. 2d 703, ¶30.

## II.  *Failure to Exclude Witnesses*

¶16  Tipton next argues that the circuit court erred in not excluding J.R. and Ellis as witnesses at the commitment trial as a sanction for failing to comply with the discovery provisions of WIS. STAT. § 980.036. This court independently reviews "the circuit court's interpretation and application" of § 980.036. *See State v. Jendusa*, 2021 WI 24, ¶17, 396 Wis. 2d 34, 955 N.W.2d 777.

¶17  Under WIS. STAT. § 980.036(2)(e), the State has a duty to provide a list of witnesses it intends to call at trial. It also has a continuing duty, both before and during trial, to "promptly notify" the defense of "the names of additional witnesses requested that are subject to discovery[.]" Sec. 980.036(8).

¶18  WISCONSIN STAT. § 980.036(9) provides for sanctions for noncompliance with these discovery provisions:

> SANCTIONS FOR FAILURE TO COMPLY.
>
> **(a)** The court shall exclude any witness not listed or evidence not presented for inspection, copying, or photographing required by this section, unless good cause is shown for failure to comply. The court may in appropriate cases grant the opposing party a recess or a continuance.
>
> **(b)** In addition to *or in place of any sanction specified in par. (a)*, a court may … advise the jury of any … untimely

disclosure of material or information required to be disclosed under sub. (2)[.]

(Emphasis added.) As the State points out, this subsection contains conflicting language as to whether exclusion of a witness is mandatory, as implied in § 980.036(9)(a), or discretionary, as suggested in § 980.036(9)(b).[4]

¶19 The circuit court's ruling here seems to reflect these contradictory provisions. It initially found that the State had complied with its continuing duty to provide discovery under WIS. STAT. § 809.036(8), noting its directive to the State to call the additional witnesses after sustaining Tipton's objection to the admission of the sexual assault allegations by his parole agent. The court observed that the State had complied and produced the witnesses, telling counsel for Tipton, "You can't have it both ways. You can't have the insistence that hearsay not be used, and then I give you an opportunity for you to have direct confrontation with the witness, and then you say, whoops, but that person should be excluded."

¶20 However, Tipton renewed his objection, arguing that the State's failure to foresee Tipton's hearsay objection did not amount to good cause for its failure to comply with the pretrial witness list requirement of WIS. STAT. § 980.036(2)(e). The circuit court then found that, "under the circumstances," the State had "shown good cause for failure to comply with the statutory provisos of 980.036[.]"

---

[4] This conflict has yet to be resolved. Both parties cite cases discussing similar language in WIS. STAT. §§ 971.23(7m)(a) and 971.23(7m)(b), the criminal "counterparts" to WIS. STAT. § 980.036(9)(a)-(b). However, based on our analysis, we do not address this issue.

¶21    Notwithstanding these somewhat contradictory statements by the circuit court, we observe that WIS. STAT. ch. 980 contains what may effectively be considered a "harmless error" provision: WIS. STAT. § 980.038(6). That subsection states:

> ERRORS AND DEFECTS NOT AFFECTING SUBSTANTIAL RIGHTS. The court shall, in every stage of a proceeding under this chapter, disregard any error or defect in the pleadings or proceedings that does not affect the substantial rights of either party.

¶22    After hearing arguments from both parties on the witness list issue, the circuit court in effect found that Tipton's substantial rights had not been affected. The court stated that in exercising its discretion by requiring the State to produce the additional witnesses, it allowed Tipton the opportunity to exercise his right to confrontation. It further observed that the purpose of the discovery rule is "to avoid unfair surprise," and that there was "no surprise here" because Tipton previously had J.R.'s statement from the 1996 complaint. The court confirmed that Ellis's statement from that time was also included in the discovery materials previously turned over to the defense.

¶23    The circuit court thus determined that Tipton was not prejudiced by any discovery error on the part of the State relating to the additional witnesses. In other words, Tipton's substantial rights were not affected as a result of this issue. *See* WIS. STAT. § 980.038(6). Therefore, the circuit court did not err in its interpretation and application of WIS. STAT. § 980.036, and allowing the additional witnesses to testify. *See **Jendusa**, 396 Wis. 2d 34, ¶17.

**CONCLUSION**

¶24    In sum, we reject both of Tipton's arguments on appeal—that the evidence is not sufficient to support the circuit court's finding that his 1996 robbery conviction was a sexually violent offense, and that the circuit court erred in allowing the testimony of the additional witnesses who were not on the State's pretrial witness list.  Accordingly, we affirm the circuit court's order committing Tipton as a sexually violent person under WIS. STAT. ch. 980.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.